UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY | § | |
| | § | CASE NO. 08-34031-H4-11 |
| | § | |
| Debtor | § | |

**FOREST OIL CORP., MARINER ENERGY, INC. AND
MARINER ENERGY RESOURCES, INC.'S UNOPPOSED MOTION
<u>FOR RELIEF FROM AUTOMATIC STAY</u>**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST TWO DAYS BEFORE THE HEARING. IF YOU FILE YOUR RESPONSE LESS THAN 5 DAYS BEFORE THE HEARING, YOU MUST SEND A COPY TO THE MOVANT BY FACSIMILE, BY HAND, OR BY ELECTRONIC DELIVERY. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING ON THIS MATTER IS SCHEDULED FOR <u>AUGUST 7, 2008 AT 2:00 P.M.</u>, AT 515 RUSK AVE., HOUSTON, TEXAS 77002 IN COURTROOM 600.**

THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Forest Oil Corporation ("Forest"), Mariner Energy, Inc. ("MEI") and Mariner Energy Resources, Inc. ("MERI") (collectively, "Creditors"), Creditors and party-in-interest herein,

1

through the undersigned counsel, file this Unopposed Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362(d)(1) and respectfully shows the Court as follows:

# I.
# Introduction

1. In September, 2005 (and thereafter), Texas Standard Oil Company ("XSO" or "Debtor") brought suit against Creditors concerning two oil and gas properties in a case styled No. G-05-490 *Texas Standard Oil Company v. Forest Oil Corporation, et al* (the "Lawsuit"). One of the properties at issue in the Lawsuit is located offshore Louisiana and is known as the West Delta 34 property (the "D 34 Property". The other property at issue is located offshore Texas and is known as the High Island 552 property (the "HI 552 Property").

2. In the Lawsuit, Debtor contended, in relevant part,[1] that it still had an interest in a well on the WD 34 Property known as the No. 12 Well and that it did not owe some or all of the operating expenses being charged by Creditors. Creditors denied these allegations and, in turn, brought suit against Debtor claiming, *inter alia*, that Debtor no longer had an interest in the No. 12 Well because it did not consent to a lease saving operation, that Debtor owed in excess of $1,000,000.00 in operating expenses to Creditors and that Debtor owed Creditors the attorney's fees incurred in bringing suit.

3. On or about February 3, 2008, the court entered an Order granting, in part, Creditor's Motion for Summary Judgment holding that Debtor had lost its interest in the No. 12 Well and Denying Debtor's Motion for Summary Judgment. The Court also held that Debtor remained obligated to pay the operating expenses incurred on the WD 34 and HI 552 Properties, but that Creditors did not present the Court with sufficient evidence as to the amount of those

---

[1] The Lawsuit is very complex and a myriad of allegations and claims were lodged by Debtor, Creditors and other parties. Only the very basic aspects of the Lawsuit which are pertinent to this Motion will briefly be set forth herein.

2

expenses. Accordingly, a jury trial was held in Judge Hittner's Court in February, 2008 and a jury verdict received on February 20, 2008.

4.  The jury returned a verdict in favor of Creditors and determined that Debtor owed Forest $97,641.00 in operating expenses and MERI $428,316.00 in operating expenses, as reflected on Schedule F of Debtor's bankruptcy filings. The jury did not award Creditors any attorney's fees. The Court entered a Final Judgment on the jury's verdict on or about February 22, 2008.

5.  On or about March 13, 2008, Creditors filed their Notice of Appeal. The style of the cause on appeal is Case No. 08-40390; *Texas Standard Oil Company v. Forest Oil Corporation, et al.,* in the United States Court of Appeals for the Fifth Circuit. Creditors indicated their intent to appeal the Order on the Summary Judgment, the Final Judgment entered after the verdict, and the denial of various post-trial Motions.

6.  Debtor thereafter filed its Notice of Cross-Appeal indicating its intent to appeal the Summary Judgment Order and Final Judgment.

7.  On or about June 26, 2008, Debtor filed for bankruptcy, staying the appeal of the Lawsuit to the Fifth Circuit Court of Appeals. Creditors request relief from stay to proceed with the appeal in accordance with 11 U.S.C. §362 (d)(1).

## II.
## Legal Authority

8.  Relief from stay shall be granted on request of a party in interest, and after notice and a hearing, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. U.S.C. §362 (d)(1). Although "cause" is not defined in the statute, the "legislative history does provide that 'a desire to permit an action to proceed to completion in another tribunal may provide ... cause.' " *In re RCM Global Long Term Capital*

3

*Appreciation Fund, Ltd.,* 200 B.R. 514, 526 (Bankr.S.D.N.Y.1996). The bankruptcy court must balance the hardships of the parties and base a decision on whether to modify the automatic stay on the degree of hardship involved and the goals of the Bankruptcy Code. *See In re Cardinal Industries, Inc.,* 116 B.R. 964, 983 (Bankr.S.D.Ohio 1990). "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations." *In re Sentry Park, Ltd.,* 87 B.R. 427, 430 (Bankr.W.D.Tex.1988).

        9.      There is no hardship to the Debtor in the instant action as the Debtor is not opposed to this Motion and has the right to proceed with the appeal as well. Further, relief from stay should be granted in this matter since no prejudice would result to the bankruptcy estate. The Legislative History behind Section 365(d)(1) supports this contention. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977) "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

        WHEREFORE, based upon the forgoing, Forest Oil Corporation, Mariner Energy, Inc. and Mariner Energy Resources, Inc., respectfully request the entry of an Order modifying the automatic stay in order to allow Creditors to pursue its appeal of the Lawsuit as well as to respond to Debtor's Cross-Appeal. Creditors also request any such further relief to which they may be justly entitled.

        Respectfully submitted,

        /s/ Bradley L. DeLuca
        Bradley L. DeLuca
        SBT No. 05653800
        Federal Bar No. 11510

        **ATTORNEY FOR FOREST OIL COMPANY, MARINER ENERGY, INC. AND MARINER ENERGY RESOURCES, INC.**

OF COUNSEL:
George A. Kurisky, Jr.
SBT No: 11767700
Federal Bar No. 12892
**JOHNSON DELUCA KENNEDY & KURISKY, P.C.**
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, Texas 77010
(713) 652-2525 Telephone
(713) 652-5130 Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion for Relief from Stay has been delivered in a manner prescribed by the Federal Rules of Civil Procedure.

        /s/ Bradley L. DeLuca
        Bradley L. DeLuca

## CERTIFICATE OF CONFERENCE

      Debtor is unopposed to lifting the stay to allow the appeal to continue provided that the Debtor's Application to Employ John Kim [Docket No. 22] is approved by the Court. Debtor's non-opposition to lifting the stay is not an admission or waiver of any kind as to the allegations made in the motion to lift stay. Otherwise, Debtor asserts that it would face hardship if the stay lifted and the application to employ special counsel was denied because Debtor would then be defending the appeal without counsel.

        /s/ Bradley L. DeLuca
        Bradley L. DeLuca