UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY, | § | CASE NO. 08-34031 |
| | § | CHAPTER 11 |
| Debtor. | § | |

**DEBTOR'S *EMERGENCY* MOTION PURSUANT TO 11 U. S. C. § 363(b) AND (f) TO SELL ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS AND OTHER INTERESTS AND MOTION TO ELIMINATE TEN-DAY STAY UNDER <u>BANKRUPTCY RULE 6004(h)</u>**

**\*\*EXPEDITED CONSIDERATION OF MOTION REQUESTED\*\***

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Texas Standard Oil Company ("Debtor") and files its *Emergency Motion Pursuant to 11 U.S.C. § 363(b) and (f) to Sell Assets of the Estate Free and Clear of Liens and Other Interests and Motion to Eliminate Ten-Day Stay Under Bankruptcy Rule 6004(h)* ("Motion"), and in support thereof would represent as follows:

<u>RELIEF REQUESTED</u>

1.  Debtor seeks the Court's approval to sell 75% of its participation interest in a prospect known as "Thumbs Up" in exchange for $16,200 and relief from the current cash call and all future cash calls relating to the drilling of the Test Well until payout of the Test Wells.

1289445-1:TSOC:0001

2.  In addition, Debtor requests that the Court waive the ten-day stay under FED. R. BANKR. R. 6004(h).

## BACKGROUND

3.  On June 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtor continues to operate as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  No request has been made for the appointment of a trustee or examiner and no official committee has been established in this case.

5.  Debtor owns a participation interest in a prospect known as "Thumbs Up" that is identified on Debtor's Schedule A [Docket No. 16] as an undivided leasehold interest in the "Catapult Trend Area, Cameron, Vermilion and Iberia Parishes" in Louisiana (hereinafter referred to as "Thumbs Up Participation Interest"). This Thumbs Up Participation Interest as to Vermilion Parish, Louisiana is memorialized in a Participation Agreement a true and correct copy of which is attached hereto as Exhibit "1-A."

6.  The Participation Agreement requires cash calls for drilling of the Thumbs Up prospect to commence. Participation Agreement, Section III(A). Until now, the unavailability of a drilling rig to commence drilling has forestalled the due date for such cash calls. The operator under the Participation Agreement, Sandalwood Exploration, LP, informed the Debtor this week that a drilling rig has become available for drilling the week of August 18th (five days from now) and that the cash call for drilling to commence is now immediately due. Thus, Sandalwood Exploration, LP is requiring cash calls per Section III(A) of the Participation Agreement. A true and correct copy of the cash call that is now due is attached hereto as Exhibit "1-B."

7.      The Debtor is presently unable to make its cash call.  If the cash call is not met, the Debtor forfeits the entirety of its Thumbs Up Participation Interest.  *See* Participation Agreement, Section III(A).  Thus, Debtor desires to enter an agreement with three entities regarding its Thumbs Up Participation Interest such that the acquiring entities will make this and all future cash calls relating to the drilling of the Test Well until payout of the Test Wells and pay the Debtor $16,200 in exchange for 75% of the Debtor's Thumbs Up Participation Interest as further described in the attached agreement which is attached hereto as Exhibit "1" (the "Agreement").

8.      Upon payout on the Thumbs Up Test Well, the Debtor will receive the revenue allocated to 25% of its Thumbs Up Participation Interest that it would have received had it made this cash call as further described in the Participation Agreement and Agreement.

## MOTION TO SELL

9.      Debtor moves the Court to approve the sale of certain assets of the estate free and clear of liens and other interests pursuant to 11 U.S.C. §363(b) and (f).  The Debtor and Texas Standard Oil & Gas, LP,[1] TXS 498 Corp.[2] and Langston Energy, LLC[3] desire to enter the Agreement transferring 75% of the Debtor's Thumbs Up Participation Interest.  A true and correct copy of the Agreement is attached hereto as Exhibit "1."

10.     The purchase price for the Thumbs Up Participation Interest is $16,200 plus the potential after payout revenues return of 25% of its Thumbs Up Participation Interest upon the occurrence of payout per the Participation Agreement and Agreement.  If the Thumbs Up Test

---

[1]  In an abundance of caution, Debtor would alert the Court that Texas Standard Oil & Gas, LP is owned 100% by Timothy Roberson who also owns approximately 50% of the Debtor.
[2]  In an abundance of caution, Debtor would alert the Court that TXS 498 Corp. is owned 100% by Charles Sharman who also owns approximately 10% of the Debtor.
[3]  In an abundance of caution, Debtor would alert the Court that Langston Energy, LLC is owned 100% by Joseph Langston who also owns approximately 25% of the Debtor.

1289445-1:TSOC:0001

Well is a dry hole or does not result in payout, then the Debtor receives nothing except $16,200, but has to pay nothing. However, because the Debtor is selling 75% of its Thumbs Up Participation Interest, it is not responsible for drilling costs and has no risk if the Thumbs Up prospect does not payout. There is no broker or broker's commission to be paid in connection with the sale.

11. To satisfy its fiduciary duty, the debtor-in-possession must articulate a business justification for the sale of the property outside the ordinary course of business. The court then considers whether the proffered business justification is sufficient. For this determination, the court considers all "salient" factors including:

> (i) the proportionate value of the asset to the estate as a whole, (ii) the amount of elapsed time since the filing, (iii) the likelihood that a plan of reorganization will be proposed and confirmed in the near future, (iv) the effect of the proposed disposition on future plans of reorganization, (v) the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, (vi) which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, (vii) whether the asset is increasing or decreasing in value.[4]

12. The value of Debtor's Thumbs Up Participation Interest will be $0.00 upon failure to make the cash call. The Debtor does not have the ability to make this cash call. Thus, this asset will decrease extremely rapidly to $0.00 next week when drilling commences.

13. However, by selling 75% of its Thumbs Up Participation Interest in exchange for $16,200 cash and an after payout potential return of its interest if the prospect pays out, the Debtor essentially enjoys a risk free investment.

14. The nature of the asset involved makes valuation speculative. However, when compared with the Debtor's other assets, including the interests at issue in the pending Fifth

---

[4] *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Torch Offshore, Inc.*, 327 B.R. 254, 257–58 (E.D. La. 2005).

Circuit appeal, the Thumbs Up Participation Interest does not appear to comprise the majority of the Debtor's assets. Thus, the Debtor does not believe this sale constitutes a *sub rosa* plan, as proscribed by the Fifth Circuit in the Continental Air Lines case.[5] Regardless, as has been held in a prior case in this district, "[i]t is within the discretion of Bankruptcy Court to approve a trustee's proposed sale of property of the estate."[6]

15. Based on the Debtor's current position and the potential benefit of this sale to creditors at no cost to the estate the Debtor requests that the Court approve the sale and eliminate the ten-day stay provided in FED. R. BANKR. P. 6004(h).

WHEREFORE, Texas Standard Oil Company prays that the Court (i) grant its Motion and authorize the Proposed Participation Agreement and any other documents necessary to complete this sale; (ii) eliminate the ten-day stay provided in FED. R. BANKR. P. 6004(h) and (iii) grant such further relief to which Texas Standard Oil Company is justly entitled.

Respectfully submitted,

*/s/ Heather McIntyre*
Wayne Kitchens     TBN 11541110
Heather McIntyre   TBN 24041076
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002
Tel: 713.759.0818
Fax: 713.759.6834
COUNSEL FOR TEXAS STANDARD
OIL COMPANY

---

[5] See *In re Continental Air Lines Inc.*, 780 F.2d at 1226.
[6] *In re McConnell*, 82 B.R. 43, 44–45 (Bankr. S.D. Tex. 1987).

1289445-1:TSOC:0001

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or first class US Mail, postage prepaid, on August 13, 2008, on the parties listed on the attached Service List.

                                  */s/ Heather H. McIntyre*
                                  Heather H. McIntyre