UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY | § | |
| | § | CASE NO. 08-34031-H4-11 |
| | § | |
| Debtor | § | |

**FOREST OIL CORP., MARINER ENERGY, INC.
AND MARINER ENERGY RESOURCES, INC.'S RESPONSE TO DEBTOR'S
EMERGENCY MOTION TO SELL ASSETS OF THE ESTATE FREE AND CLEAR OF
LIENS AND OTHER INTERESTS AND MOTION TO ELIMINATE TEN-DAY STAY
UNDER BANKRUPTCY RULE 6004(h)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Forest Oil Corporation ("Forest"), Mariner Energy, Inc. ("MEI") and Mariner Energy Resources, Inc., ("MERI") (collectively "Creditors"), and file their Response to Debtor's Emergency Motion to Sell Assets of the Estate Free and Clear of Liens and Other Interests and Motion to Eliminate Ten-Day Stay Under Bankruptcy Rule 6004(h) ("Emergency Motion").

Introduction

1. Debtor Texas Standard Oil Co. ("TXSO") filed its' Emergency Motion late yesterday afternoon. Debtor sought and obtained a hearing for 4:30 p.m. this afternoon. Creditors object both to the lack of time to analyze and respond to the Emergency Motion as well as the relief requested in such Motion.

2. The Debtor seeks the Courts approval to sell 75% of its participation interest in an oil and gas property known as "Thumbs Up" because it allegedly received a request for a cash call on the property "this week" which Debtor claims it cannot meet. Creditors object to the

emergency relief sought by the Debtor because:

A. The claimed emergency need to meet a "cash call" is not an emergency. The cash call at issue is a debt as defined under the Bankruptcy Code. This debt arose in November, 2007, prior to the time Debtor filed bankruptcy. Thus, any alleged attempt to collect the cash call from Debtor is a violation of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. §362; Any effort to take action contrary to the interest of the estate, such as a forfeiture, would require a motion and order lifting the stay. Such action would allow creditors more time to evaluate the proposed transactions;

B. The records provided by Movant shows that an AFE and cash call was issued on May 21, 2008. Yet, Debtor now claims that he was made aware "this week" of a cash call and thus the emergency;

C. There is no evidence that the $16,200.00 figure that Debtor is attributing as the value of its' 75% interest in the property at issue is a fair market value, a fact that is vital to the success of the Motion; and

D. The proposed "sale" is to three insider companies, each of which is owned by an individual who also owns an interest in the Debtor herein.

Response to Emergency Motion

3. Creditors admit that paragraph "1"of the Motion correctly describes the relief sought by Movant, but denies that the relief should be granted

4. Creditors admit that paragraph "2"of the Motion correctly describes the relief sought by Movant, but denies that the relief should be granted

5. Creditors admit the allegations in paragraph "3" of the Motion.

6. Creditors admit the allegations in paragraph "4" of the Motion.

7. Creditors admit the allegations in the first sentence of paragraph "5" of the Motion. Creditors admit that a Participation Agreement is attached, but cannot admit or deny that this agreement governs the interest at issue or that no other agreements exist or do not exist. Thus, Creditors deny this allegation.

8. Creditors deny the allegations in paragraph "6" of the Motion.

9. Creditors deny the allegations in paragraph "7" of the Motion.

10. Creditors deny the allegations in paragraph "8" of the Motion.

11. Creditors deny that Movant is entitled to the relief requested in paragraph "9" of the Motion.

12. Creditors admit that Movant attempts to describe its proposed transaction in paragraph "10" of the Motion.

13. Creditors admit the allegations in paragraph "11" of the Motion.

14. Creditors deny the allegations in paragraph "12" of the Motion.

15. Creditors deny the allegations in paragraph "13" of the Motion.

16. Creditors deny the allegations in paragraph "14" of the Motion.

17. Creditors deny that the relief sought in paragraph "15" of the Motion should be granted.

WHEREFORE, Forest Oil Corporation, Mariner Energy Inc. and Mariner Energy Resources, Inc. pray that the Court deny Debtor's Emergency Motion to Sell Assets of the Estate Free and Clear of Liens and Other Interests and Motion to Eliminate Ten-Day Stay Under Bankruptcy Rule 6004(h) and grant such further relief to which they are justly entitled.

Respectfully submitted,

/s/ Bradley L. DeLuca
Bradley L. DeLuca
SBT No. 05653800
George A. Kurisky
SBT No: 11767700

**ATTORNEY FOR FOREST OIL COMPANY, MARINER ENERGY, INC. AND MARINER ENERGY RESOURCES, INC.**

OF COUNSEL:
**JOHNSON DELUCA KENNEDY & KURISKY, P.C.**
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, Texas 77010
(713) 652-2525 Telephone
(713) 652-5130 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF and or First Class Mail on the 14th day of August, 2008, to the following:

All parties on the attached service list.

/s/ Bradley L. DeLuca
Bradley L. DeLuca

## SERVICE LIST
Case No. 08-34031

**Debtor**
Texas Standard Oil Company
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via Email*

**Debtor's Counsel**
Wayne Kitchens/Heather McIntyre
HughesWattersAskanase, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
*Via ECF*

**U.S. Trustee**
Stephen D. Statham, Esq.
U.S. Trustee's Office
515 Rusk Street, Suite 3516
Houston, Texas 77002
*Via ECF*

### Parties Requesting Notice

Bradley DeLuca/Brigid Ashcroft
George A. Kurisky, Jr.
Johnson DeLuca Kennedy, et al.
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Via ECF and Email*

John P. Dillman, Esq.
Linebarger Goggan Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, Texas 77002-7430
*Via ECF*

### Creditors

Timothy Roberson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via Email*

Edward R. Ziegler, PE
5063 Westheimer, Suite 810
Houston, TX 77056
*Via Fax*

Pat Johnson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via Email*

Mariner Energy, Inc.
c/o Bradley DeLuca
Johnson DeLuca Kennedy, et al.
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Via ECF and Email*

Langston Energy, LLC
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via Email*

Forest Oil Corp.
c/o Bradley DeLuca
Johnson DeLuca Kennedy, et al.
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Via ECF and Email*

TXS 498 Corp.
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via Email*

Texas Standard Oil & Gas, LP
9 Greenway Plaza, Suite 3040
Houston, Texas 77046
*Via Email*

Spagnoletti & Co.
401 Louisiana, 8th Floor
Houston, TX 77002
*Via Fax*