UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY, | § | CASE NO. 08-34031 |
| | § | CHAPTER 11 |
| Debtor. | § | |

*UNOPPOSED* MOTION FOR RELIEF FROM THE AUTOMATIC STAY

> **THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST TWO (2) DAYS BEFORE THE HEARING. IF YOU FILE YOUR RESPONSE LESS THAN FIVE (5) DAYS BEFORE THE HEARING, YOU MUST SEND A COPY TO THE MOVANT BY FACSIMILE, BY HAND, OR BY ELECTRONIC DELIVERY. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **THERE WILL BE A HEARING ON THIS MATTER ON <u>OCTOBER 21, 2008</u>, AT 9:00 O'CLOCK A.M. IN COURTROOM 600, 515 RUSK, HOUSTON, TEXAS 77002.**

Comes now, Texas Standard Oil Company (the "Debtor"), and files this *Unopposed Motion for Relief from the Automatic Stay* and respectfully represent as follows:

**RELIEF REQUESTED**

1.      Debtor requests that this Court lift the automatic stay as to Apache Corporation, Noble Energy, Inc., and Coldren Resources, LP so that the Appeal may proceed as to all parties.

## JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334 and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. The instant Chapter 11 case was filed on June 26, 2008 (the "Petition Date"), and at all times thereafter the Debtor has operated its oil and gas exploration business as debtor in possession. No committee has been appointed in this case.

4. In September 2005, the Debtor brought suit concerning two oil and gas properties in a case styled No. G-05-490 *Texas Standard Oil Company v. Forest Oil Corporation, et al* in the United States District Court for the Southern District of Texas, Houston Division (the "Lawsuit"). One of the properties at issue in the Lawsuit is located offshore Louisiana and is known as the West Delta 34 property. The other property at issue is located offshore Texas and is known as the High Island 552 property. Forest Oil Corporation ("FOC"), Mariner Energy Resources, Inc. ("MER"), Mariner Energy, Inc. ("MEI"), Apache Corporation ("AC"), Noble Energy, Inc. ("NEI"), and Coldren Resources, L.P. ("CR") filed counterclaims against Debtor.

5. On January 3, 2008, the District Court ruled on multiple motions for summary judgment filed by the Debtor, FOC, MER, MEI, NEI and CR [Case No. G-05-490, docket no. 123] ("MSJ Order"). AC did not seek a summary judgment. The District Court denied the Debtor's motion for summary judgment. The District Court entered an order granting, in part, the two motions for summary judgment filed by FOC, MER, MEI, NEI and CR (collectively "MSJ Movants"). The District Court granted the MSJ Movants' allegation that a penalty should be assessed against the Debtor and that any unjust enrichment received by the Debtor should be

forfeited. The District Court denied the MSJ Movants' remaining allegations in the two motions for summary judgment.

6. The Lawsuit proceeded to jury trial and the District Court entered a final judgment on the jury trial [Case No. G-05-490, docket no. 181] ("Final Judgment"). The District Court made the following findings: (i) the Debtor owed FOC and MER for operating expenses; (ii) MER and NEI were not entitled to contractual damages; (iii) the Debtor did not wrongfully retain natural gas from MER and NEI; (iv) FOC, MER, MEI and NEI were not entitled to attorney's fees; and (v) as a matter of law, AC was entitled to apply the District Court's previous order on the two motions for summary judgment entered on January 3, 2008.

7. On March 9, 2008, FOC, MER, MEI, AC, NEI and CR timely appealed the MSJ Order, Final Judgment, and order denying post trial motions [Case No. G-05-490, docket no. 196]. On April 10, 2008, the Debtor cross-appealed the MSJ Order, Final Judgment, and order assessing costs against the Debtor in favor of FOC, MER, and MEI [Case No. G-05-490, docket no. 197]. The style of the Lawsuit on appeal in the Fifth Circuit Court of Appeals is Case No. 08-40390; *Texas Standard Oil Company v. Forest Oil Corporation, et al.* (the "Appeal").

8. The Appeal was pending when the Debtor filed its bankruptcy on June 26, 2008.

9. On July 25, 2008, FOC, MEI and MER moved in the Bankruptcy Court for relief from the automatic stay to allow the Appeal to proceed [Docket No. 25]. The Debtor did not oppose the relief sought provided that the Court granted the Debtor's application to employ special counsel for purposes of continuing the Appeal. The Court granted the Debtor's application to employ special counsel on August 7, 2008 [Docket No. 26]. No objection to the motion for relief from stay was filed. *See* Docket in Case No. 08-34031. On August, 7, 2008,

the Bankruptcy Court granted the motion for relief from stay and entered its Order Granting Unopposed Motion for Relief from the Automatic Stay [Docket No. 27] (the "Lift Stay Order").

10. On August 13, 2008, the Debtor filed a notice regarding the status of the bankruptcy case attaching a copy of this Court's Lift Stay Order lifting the automatic stay with the Fifth Circuit. After filing this notice with the Fifth Circuit Court of Appeals, Debtor and counsel for FOC/MER/MEI were contacted by a Clerk with the Fifth Circuit Court of Appeals who requested that the parties seek to lift the stay as to AC, NEI and CR.

11. Debtor contends that it is not stayed from pursuing its appeal because it initiated the Lawsuit and the parties which prevailed on their claims, FOC, MER, and MEI, have obtained stay relief. *See e.g.*, *Freeman v. Commissioner of Internal Revenue*, 799 F.2d 1091, 1093 (5th Cir. 1986) ("If the initial proceeding is not against the debtor, subsequent appellate proceedings are also not against the debtor within the meaning of the automatic stay provisions of the Bankruptcy Code.").

12. AC, NEI and CR have appealed the District Court's rulings as to their counterclaims on which the Debtor prevailed. Because AC, NEI and CR asserted counterclaims against the Debtor and have not moved to lift the automatic stay, the stay still applies to them because their counterclaims are against the Debtor despite the fact that the Lawsuit was initiated by the Debtor. *Koolik v. Markowitz*, 40 F.3d 567, 568 (2nd Cir. 1994) ("an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an "action or proceeding against the debtor" within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit."). Debtor believes this is the basis for the Fifth Circuit clerk's request that AC, NEI and CR move to lift the stay before the Debtor and FOC/MER/MEI may continue with their appeals.

13. As such, Debtor requests that this Court lift or modify the automatic stay as to AC, NEI and CR so that the Appeal may proceed.

## ARGUMENT & AUTHORITIES

14. Section 362(a)(1) stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . ." 11 U.S.C. § 362(a)(1). In this case, AC, NEI and CR are stayed because they asserted counterclaims against the Debtor.

15. Debtor requests that the Court lift the automatic stay as to all parties to the Appeal so that the Appeal may proceed.

16. Debtor believes that lifting the automatic stay to allow the Appeal to proceed is in the best interests of creditors.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the Court enter an order lifting or modifying the automatic stay to allow the Appeal to proceed and that it have such other and further relief as is just.

Respectfully submitted,

*/s/ Heather McIntyre*
Wayne Kitchens       TBN 11541110
Heather McIntyre     TBN 24041076
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002
Tel: 713.759.0818
Fax: 713.759.6834
COUNSEL FOR TEXAS STANDARD
OIL COMPANY

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she conferred with (i) Brad De Luca, counsel for Forest Oil Corporation, Marine Energy Resources, Inc., and Mariner Energy, Inc., (ii) Robert Sergesketter, counsel for Apache Corporation, and (iii) Larry Labanowski, counsel for Noble Energy, Inc., and Coldren Resources, LP, and these parties are unopposed to the relief requested herein.

*/s/ Heather H. McIntyre*
Heather H. McIntyre

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or first class US Mail, postage prepaid, as indicated, on the parties listed on the attached Service List on September 22, 2008.

*/s/ Heather H. McIntyre*
Heather H. McIntyre