UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY, | § | CASE NO. 08-34031 |
| | § | CHAPTER 11 |
| Debtor. | § | |

**MOTION FOR AUTHORITY TO PERFORM UNDER
PRE-PETITION NOMINEE AGREEMENT REGARDING BRAZOS BLOCK 488**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Texas Standard Oil Company ("Debtor") and files its *Motion for Authority to Perform Under Pre-Petition Nominee Agreement Regarding Brazos Block 488*, and shows:

**RELIEF REQUESTED**

1.     The Debtor requests authority to perform its obligations under a Nominee Agreement which includes assignment of an interest it holds, as legal title holder only for the benefit of two parties, per the attached Nominee Agreement.

1292006-1:TSOC:0001

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On June 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtor continues to operate as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been established in this case.

4. Pre-petition on August 17, 2007, the Debtor entered into a Nominee Agreement concerning Brazos Block 488 with Buccaneer Resources, LLC ("Buccaneer") and Highbaugh Field Corporation ("Highbaugh") (the "Nominee Agreement") which is attached hereto as Exhibit "A". The Nominee Agreement is listed on Debtor's Schedule G and on its Statement of Financial Affairs at number 14 as property held for another.[1]

5. As set forth in the Nominee Agreement, the Debtor agreed to bid on Brazos Area Block 488, Federal Waters Offshore Texas, in the Federal lease sale 204 held on August 22, 2007 on behalf of Buccaneer and Highbaugh because Buccaneer and Highbaugh were not yet qualified to hold federal leases under the regulations of the Minerals Management Services (MMS) of the United States Department of the Interior.[2]

6. Per the Nominee Agreement, the bid was $109,945.00, twenty percent (20%) of which ($21,989.00) was required to submit the bid. As such, Buccaneer was required to provide

---

[1] *See* Docket Nos. 16 and 17, respectively.
[2] *See* Nominee Agreement.

its share, $7,036.48 (32% of $21,989), to the Debtor. The Debtor received Buccaneer's share on August 20, 2007 from Buccaneer via wire transfer as indicated on the Debtor's August 2007 bank statement, an excerpt of which is attached hereto as Exhibit "B".

7. Likewise, Highbaugh was required to provide its share, $14,952.52 (68% of $21,989), to the Debtor. The Debtor received Highbaugh's share on August 17, 2007 via wire transfer as indicated on the Debtor's August 2007 bank statement, an excerpt of which is attached hereto as Exhibit "B".

8. Per the Nominee Agreement, the Debtor submitted the bid at the Federal lease sale 204 for Brazos Area Block 488. The bid was successful. Attached hereto as Exhibit "C" is a copy of the notice that the bid was accepted.

9. Per the Nominee Agreement, Buccaneer and Highbaugh were then required to pay the remaining bid amount ($87,956.00) and required rental ($25,443.75). As such, Buccaneer was required to provide $36,287.92 (32% of $87,956.00 plus 32% of $25,443.75) to the Debtor, which the Debtor received from Buccaneer via wire transfer on September 20, 2007 as indicated on the Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D".

10. Likewise, Highbaugh was required to provide $77,111.83 (68% of $87,956.00 plus 68% of $25,443.75) to the Debtor, which the Debtor received from Highbaugh via wire on September 18, 2007 as indicated on the Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D".

11. As required by the Nominee Agreement, the Debtor transmitted these funds to the Minerals Management Service and the lease was awarded to the Debtor effective October 1, 2007 per the oil and gas lease attached hereto as Exhibit "E".

12. Thus, per the Nominee Agreement, the Debtor is obligated to assign 100% of the leasehold interests under the lease, without warranty of title except by, through and under the Debtor, but not otherwise, and reserve for itself an overriding royalty of 0.33333%.[3]

## ARGUMENT & AUTHORITIES

13. Based on the terms of the Nominee Agreement, the Debtor is now obligated to assign its interest in Brazos Block 488 with the reservation of its 0.33333% overriding royalty interest to Buccaneer and Highbaugh. Although the Debtor would contend that it was within its ordinary course of business to enter into the Nominee Agreement and it is within the ordinary course of business under 11 U.S.C. § 363(c)(1) for the Debtor to now perform as required under the Nominee Agreement, the Debtor in an abundance of caution requests this Court's authority to perform under the Nominee Agreement and assign the interests in Brazos Block 488 per the Nominee Agreement.

14. "In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a 'business judgment test.'"[4] For this determination, courts consider all "salient" factors including:

> (i) the proportionate value of the asset to the estate as a whole, (ii) the amount of elapsed time since the filing, (iii) the likelihood that a plan of reorganization will be proposed and confirmed in the near future, (iv) the effect of the proposed disposition on future plans of reorganization, (v) the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, (vi) which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, (vii) whether the asset is increasing or decreasing in value.[5]

---

[3] Nominee Agreement, ¶ 4.
[4] *In re Montgomery Ward Holding Corp.*, 242 B.R. 147 (Bankr. D. Del. 1999) (citing Collier on Bankruptcy § 363.02 (15th ed. 1997)).
[5] *In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)); *In re Torch Offshore, Inc.*, 327 B.R. 254, 257–58 (E.D. La. 2005).

15. The Debtor, in the exercise of its business judgment, has determined that performing as required under the Nominee Agreement is in the best interest of its estate and its creditors for the following reasons:

    a. Performing as expected likely avoids potential litigation to enforce the Nominee Agreement and/or seek damages for breach of contract.

    b. The interests the Debtor wishes to assign are not property of the estate. The Debtor holds legal title to the interests in Brazos Block 488 subject to its retained interest upon assignment. As such, the interests in Brazos Block 488 are not property of the estate aside from the retained interest effective upon assignment to the equitable title holders – Buccaneer and Highbaugh.[6]

    c. Because the Debtor seeks to assign interests to which it holds legal title only, the assignment as contemplated by the Nominee Agreement does not impact the Debtor's ability to reorganize.

    d. The Debtor believes its retained 0.33333% overriding royalty interest is fair and reasonable for the Debtor's efforts as outlined in the Nominee Agreement.

16. As further evidence that the Debtor is not the equitable title holders to Brazos Block 488, Highbaugh paid the annual rental due of $25,443.75 which is due October 1, 2008. Attached hereto as Exhibit "F" is a true and correct copy of the MMS Notice of Annual Rent Due and the check from Highbaugh made payable to MMS for this rental.

17. Essentially, the Debtor contends that performing under the Nominee Agreement and retaining its overriding royalty interest is in the best interests of the estate and its creditors as opposed to possibly inviting litigation for breach of contract.

18. Further, the Debtor contends that these interests are held in constructive trust for the benefit of Buccaneer and Highbaugh requiring turnover to Buccaneer and Highbaugh. *See, e.g., Boyd v. Martin Exploration Co.*, 56 B.R. 776, 780-81 (E.D. La. 1986) (finding that overriding royalty interests subject to letter agreements and nominee agreement must be turned

---

[6] 11 U.S.C. § 541(d).

over to true owners because equitable title to the interests was subject to a constructive trust and was not property of the debtor's bankruptcy estate).

19. For these reasons, the Debtor believes that performance under the Nominee Agreement is in the best interest of the estate and its creditors.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order granting it authority to perform as required by the Nominee Agreement and for such other relief to which the Debtor may be entitled.

Respectfully submitted,

*/s/ Heather McIntyre*
Wayne Kitchens      TBN 11541110
Heather McIntyre    TBN 24041076
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002
Tel: 713.759.0818
Fax: 713.759.6834
COUNSEL FOR TEXAS STANDARD
OIL COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or first class US Mail, postage prepaid, on September 25, 2008, on the parties listed on the attached Service List.

*/s/ Heather H. McIntyre*
Heather H. McIntyre

## SERVICE LIST

**Debtor**
Texas Standard Oil Company
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

**Debtor's Counsel**
Wayne Kitchens, Esq.
Heather McIntyre, Esq.
HughesWattersAskanase, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
*Via ECF*

**U.S. Trustee**
Stephen D. Statham, Esq.
U.S. Trustee's Office
515 Rusk Street, Suite 3516
Houston, Texas 77002
*Via ECF*

**Parties Requesting Notice**

Bradley DeLuca, Esq./Brigid Ashcroft, Esq.
George A. Kurisky, Jr., Esq.
Johnson DeLuca Kennedy, et al.
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Attorney for Mariner Energy, Inc.
and Forest Oil Corp.*
*Via ECF*

John P. Dillman, Esq.
Linebarger Goggan Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, Texas 77002-7430
*Via ECF*

Lawrence F. Labanowski, Esq.
Edward F. Mulholland
Lawrence F. Labanowski & Associates
3939 Essex, Suite 600
Houston, TX 77027
*Via ECF*

**Creditors**
Timothy Roberson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Pat Johnson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Langston Energy, LLC
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

TXS 498 Corp.
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Spagnoletti & Co.
401 Louisiana, 8th Floor
Houston, TX 77002
*Via US Mail*

Edward R. Ziegler, PE
5063 Westheimer, Suite 810
Houston, TX 77056
*Via US Mail*

Texas Standard Oil & Gas, LP
9 Greenway Plaza, Suite 3040
Houston, Texas 77046
*Via US Mail*

1292006-1:TSOC:0001