UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY, | § | CASE NO. 08-34031 |
| | § | CHAPTER 11 |
| Debtor. | § | |

**MOTION FOR AUTHORITY TO PERFORM UNDER
PRE-PETITION NOMINEE AGREEMENT REGARDING HIGH ISLAND A-96**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF
YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE
A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU
MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE
DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE
WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT
FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED
WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE
MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST
ATTEND THE HEARING.  UNLESS THE PARTIES AGREE
OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE
HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR
ATTORNEY.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Texas Standard Oil Company ("Debtor") and files its *Motion for
Authority to Perform Under Pre-Petition Nominee Agreement Regarding High Island A-96*, and
shows:

**RELIEF REQUESTED**

1.      The Debtor requests authority to perform its obligations under a Nominee
Agreement which includes assignment of an interest it holds, as legal title holder only for the
benefit of another, per the attached Nominee Agreement.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On June 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Debtor continues to operate as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner and no official committee has been established in this case.

4.      On July 28, 2006, the following parties entered a Participation Agreement to acquire oil and gas interests with ownership divided among the participants as indicated:

| | |
|---|---|
| Frankel Offshore Energy, Inc. ("FOE") | 50% |
| PetroVal, Inc. | 25% |
| Grimes Energy Company | 15% |
| Texas Standard Oil & Gas, LP ("TX-LP") | 10% |

A decision to bid on High Island Block A-96, Federal Waters, Offshore Texas, in the Federal Lease Sale 204 ("HI A-96") to be held on August 22, 2007, was made. The required lease bonus and rentals were paid as detailed on the chart attached hereto as Exhibit "A" and further detailed below.

5.      Pre-petition on August 17, 2007, the Debtor entered into a Nominee Agreement concerning HI A-96 with Texas Standard Oil & Gas, LP ("TX-LP") (the "Nominee Agreement") which is attached hereto as Exhibit "B".  The Nominee Agreement is listed on Debtor's Amended Schedule G and on its Amended Statement of Financial Affairs at number 14 as

1307432-1:TSOC:0001

property held for another.[1]  The Debtor entered into the Nominee Agreement with TX-LP which would allow the Debtor to bid on TX-LP's behalf because TX-LP was not yet qualified to hold federal leases under the Regulations of the Minerals Management Service (MMS) of the United States Department of Interior.[2]

6.       As set forth in the Nominee Agreement, the Debtor agreed to bid on HI A-96, Federal Waters Offshore Texas, in the Federal Lease Sale 204 held on August 22, 2007 on behalf of TX-LP.  Per the Nominee Agreement, the bid was $150,000.00, twenty percent (20%) of which ($30,000.00) was required to submit the bid.  As such, TX-LP was required to provide its share, $3,000.00 (10% of $30,000), to the Debtor.  The Debtor received TX-LP's share on August 22, 2007 from TX-LP as indicated on the Debtor's August 2007 bank statement, an excerpt of which is attached hereto as Exhibit "C".

7.       The other participants provided their shares as follows:

a.  FOE provided its share, $15,000 (50% of the $30,000), to the Debtor which the Debtor received via check on September 4, 2007 as indicated on Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D".

b.  PetroVal, Inc. provided its share, $7,500 (25% of the $30,000), to the Debtor which the Debtor received via check from PetroVal, Inc. on August 22, 2007 as indicated on the Debtor's August 2007 bank statement attached hereto as Exhibit "C".

c.  Grimes Energy Company provided its share,  $4,500 (15% of the $30,000), to the Debtor which the Debtor received via check from Grimes Energy Company on August 22, 2007 as indicated on the Debtor's August 2007 bank statement attached hereto as Exhibit "C".

8.       Per the Nominee Agreement, the Debtor submitted the bid at the Federal Lease Sale 204 for HI A-96.  The bid was successful.  Attached hereto as Exhibit "E" is a copy of the notice that the bid was accepted.

---

[1]  *See* Docket Nos. 16 and 17, respectively.

9.      Per the Nominee Agreement, the participants were then required to pay the remaining bid amount ($120,000.00) and required rental ($36,000.00). As such, TX-LP was required to provide $15,600.00 (10% of $120,000.00 plus 10% of $36,000.00) to the Debtor, which the Debtor received from TX-LP via check on September 19, 2007 as indicated on the Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D".

10.     Based upon non-receipt of FOE's share for the remaining bid amount and required rental, the non-FOE participants were required to double their shares to acquire the HI A-96 lease. The non-FOE participants provided their double shares as follows:

    a. TX-LP provided its double share, $15,600 (10% of $120,000 plus 10% of $36,000), to the Debtor which the Debtor received via check on September 18, 2007 from TX-LP as indicated on Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D".

    b. PetroVal, Inc. provided its share, $39,000 (25% of the of $120,000 plus 25% of $36,000), to the Debtor which the Debtor received via wire on September 18, 2007 from PetroVal, Inc. as indicated on Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D". PetroVal, Inc. provided its double share, $39,000 (25% of the of $120,000 plus 25% of $36,000), to the Debtor which the Debtor received via check on September 19, 2007 from PetroVal, Inc. as indicated on Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D".

    c. Grimes Energy Company provided its share, $23,400 (15% of the of $120,000 plus 15% of $36,000), to the Debtor which the Debtor received via check on September 19, 2007 from Grimes Energy Company as indicated on Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D". Grimes Energy Company provided its double share, $23,400 (15% of the of $120,000 plus 15% of $36,000), to the Debtor which the Debtor received via check on September 19, 2007 from Grimes Energy Company as indicated on Debtor's September 2007 bank statement, an excerpt of which is attached hereto as Exhibit "D".

11.     As required by the Nominee Agreement, the Debtor transmitted these funds to the Minerals Management Service and the lease was awarded to the Debtor as to 60%, PetroVal, Inc.

---

[2]   *See* Nominee Agreement.

as to 25% and Grimes Energy Company as to 15%, all effective October 1, 2007 per the oil and gas lease attached hereto as Exhibit "F".

12.     Thus, per the Nominee Agreement, the Debtor is obligated to assign its 60% of the leasehold interests under the lease, without warranty of title except by, through and under the Debtor, but not otherwise, to TX-LP.[3]

13.     In connection with a settlement dated March 31, 2008, non-FOE participants in HI A-96, have agreed to assign their interests in HI A-96 to FOE.[4]  Thus, Debtor requests that it have authority to assign its 60% undivided interest in HI A-96 to TX-LP per the Nominee Agreement in order, in turn, for TX-LP to fulfill its obligations under the Settlement Agreement.

## ARGUMENT & AUTHORITIES

14.     Based on the terms of the Nominee Agreement, the Debtor is now obligated to assign its interest in HI A-96 to TX-LP.  Although the Debtor would contend that it was within its ordinary course of business to enter into the Nominee Agreement and it is within the ordinary course of business under 11 U.S.C. § 363(c)(1) for the Debtor to now perform as required under the Nominee Agreement, the Debtor in an abundance of caution requests this Court's authority to perform under the Nominee Agreement and assign its interest in HI A-96 per the Nominee Agreement.

15.     "In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a

---

[3]   Nominee Agreement, ¶ 4.
[4]   Attached hereto as Exhibit "G" is a true and correct copy of the Settlement Agreement and Release of All Claims ("Settlement Agreement") as Exhibit "A" to FOE's Original Petition.  *See* Settlement Agreement, Section 2, paragraph 4.

'business judgment test.'"[5]   For this determination, courts consider all "salient" factors including:

> (i) the proportionate value of the asset to the estate as a whole, (ii) the amount of elapsed time since the filing, (iii) the likelihood that a plan of reorganization will be proposed and confirmed in the near future, (iv) the effect of the proposed disposition on future plans of reorganization, (v) the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, (vi) which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, (vii) whether the asset is increasing or decreasing in value.[6]

16.    The Debtor, in the exercise of its business judgment, has determined that performing as required under the Nominee Agreement is in the best interest of its estate and its creditors for the following reasons:

> a. Performing as expected likely avoids potential litigation to enforce the Nominee Agreement and/or seek damages for breach of contract.
>
> b. The interests the Debtor wishes to assign are not property of the estate.  The Debtor holds only legal title to the interests in HI A-96.  As such, the interest in HI A-96 is not property of the estate.[7]
>
> c. Because the Debtor seeks to assign interests to which it holds legal title only, the assignment as contemplated by the Nominee Agreement does not impact the Debtor's ability to reorganize.
>
> d. The Debtor believes the non-compete agreement from TX-LP is fair and reasonable for the Debtor's efforts as outlined in the Nominee Agreement.

17.    Essentially, the Debtor contends that performing under the Nominee Agreement is in the best interests of the estate and its creditors as opposed to possibly inviting litigation for breach of contract.  In fact, FOE sued TX-LP and others on September 10, 2008 concerning

---

[5]   *In re Montgomery Ward Holding Corp.*, 242 B.R. 147 (Bankr. D. Del. 1999) (citing Collier on Bankruptcy § 363.02 (15th ed. 1997)).
[6]   *In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)); *In re Torch Offshore, Inc.*, 327 B.R. 254, 257–58 (E.D. La. 2005).
[7]   11 U.S.C. § 541(d).

assignment of HI A-96.  Attached hereto as Exhibit "G" is FOE's Original Petition.[8]  Paragraphs 16 and 18 of the Original Petition concern the assignment of HI A-96 to FOE.  To avoid unnecessary litigation, the Debtor requests authority to assign its interest in HI A-96 to TX-LP in accordance with the Nominee Agreement so that TX-LP can fulfill its obligations under the Settlement Agreement.

18.     Further, the Debtor contends that these interests are held in constructive trust for the benefit of TX-LP requiring turnover to TX-LP.  *See, e.g., Boyd v. Martin Exploration Co.*, 56 B.R. 776, 780-81 (E.D. La. 1986) (finding that overriding royalty interests subject to letter agreements and nominee agreement must be turned over to true owners because equitable title to the interests was subject to a constructive trust and was not property of the debtor's bankruptcy estate).

19.     For these reasons, the Debtor believes that performance under the Nominee Agreement is in the best interest of the estate and its creditors.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order granting it authority to perform as required by the Nominee Agreement and Settlement Agreement and for such other relief to which the Debtor may be entitled.

Respectfully submitted,

---

[8]  The style of FOE's lawsuit is:  Case No. 2008-55176, *Frankel Offshore Energy, Inc. v. Texas Standard Oil & Gas, LP et al.* in the 127th Judicial District Court of Harris County.

1307432-1:TSOC:0001

*/s/ Heather McIntyre*
Wayne Kitchens       TBN 11541110
Heather McIntyre       TBN 24041076
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002
Tel: 713.759.0818
Fax: 713.759.6834
COUNSEL FOR TEXAS STANDARD
OIL COMPANY

1307432-1:TSOC:0001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or first class US Mail, postage prepaid, on September 25, 2008, on the parties listed on the attached Service List.

/s/ Heather H. McIntyre
Heather H. McIntyre

## SERVICE LIST

**Debtor**
Texas Standard Oil Company
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

**Debtor's Counsel**
Wayne Kitchens, Esq.
Heather McIntyre, Esq.
HughesWattersAskanase, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
*Via ECF*

**U.S. Trustee**
Stephen D. Statham, Esq.
U.S. Trustee's Office
515 Rusk Street, Suite 3516
Houston, Texas 77002
*Via ECF*

**Parties Requesting Notice**

Bradley DeLuca, Esq./Brigid Ashcroft, Esq.
George A. Kurisky, Jr., Esq.
Johnson DeLuca Kennedy, et al.
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Attorney for Mariner Energy, Inc.
and Forest Oil Corp.*
*Via ECF*

John P. Dillman, Esq.
Linebarger Goggan Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, Texas 77002-7430
*Via ECF*

Lawrence F. Labanowski, Esq.
Edward F. Mulholland
Lawrence F. Labanowski & Associates
3939 Essex, Suite 600
Houston, TX 77027
*Via ECF*

**Creditors**
Timothy Roberson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Pat Johnson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Langston Energy, LLC
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

TXS 498 Corp.
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Spagnoletti & Co.
401 Louisiana, 8th Floor
Houston, TX 77002
*Via US Mail*

Edward R. Ziegler, PE
5063 Westheimer, Suite 810
Houston, TX 77056
*Via US Mail*

Texas Standard Oil & Gas, LP
9 Greenway Plaza, Suite 3040
Houston, Texas 77046
*Via US Mail*

**Parties In Interest**

Robert Sergesketter, Esq.
Apache Corporation
2000 Post Oak Blvd., Suite 100
Houston, TX 77056
*Via US Mail*

1307432-1:TSOC:0001