IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY | § | Case No. 08-34031 |
| | § | (Chapter 11) |
| Debtor | § | |

CREDITORS MARINER ENERGY, INC.
AND MARINER ENERGY RESOURCES, INC.'S
MOTION TO ABANDON PLATFORM

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY (20) DAYS OF THE DATE THIS WAS SERVED UPON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, U.S. BANKRUPTCY JUDGE:

COMES NOW, Mariner Energy, Inc. and Mariner Energy Resources, Inc. ("Mariner"), creditors in the above-styled Chapter 11 Bankruptcy case, and make this Motion to Abandon Platform, and in support thereof would show this Court as follows:

## I.
## The Property and the Claim

1. The instant Chapter 11 case was filed on June 26, 2008 (the "Petition Date"), and at all times thereafter the Debtor has operated its oil and gas exploration business as debtor in possession. No committee has been appointed in this case.

2. The platform is located on federal lease block High Island-A 552 offshore Galveston, Texas and is a fixed structure designated as the "A" platform by the Minerals Management Service ("Platform"). The Platform is property operated by Mariner in which Mariner, Debtor and others own an interest.

## II.
## The Abandonment

3. After notice and a hearing, the Court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554. Furthermore, in a Chapter 11 proceeding, a debtor in possession shall perform all the functions and duties of a trustee serving in a case under Chapter 11 (with some exceptions that do not apply here). 11 U.S.C. § 1107.

4. Mariner requests the Court order the debtor in possession to abandon the Platform pursuant to Title 11, Section 554 of the United States Code. Mariner, as operator, is charged with conducting all operations of the Platform, including its removal and salvage. Under federal and state programs, the owners of the Platform have the opportunity to reef the Platform in a nearby lease block, thereby saving the co-owners of the Platform significant salvage and abandonment costs. The salvage value of the Platform is approximately $30,000.00. *See* Billman Affidavit, attached hereto and incorporated by reference as Exhibit "A." However, the expense to bring the Platform on shore and salvage the Platform would be approximately

$500,000 to $2,000,000.00 over what it would cost to simply donate the Platform to the State of Texas and have it reefed. *See id*. Mariner has therefore made a business decision that it is in the best interest of Mariner and its co-owners to donate the Platform to the State of Texas and have it reefed. *See* Billman Affidavit, Ex. "A." Mariner's decision to donate the Platform is in the ordinary course of business for Mariner as the operator of the Platform. *See* Billman Affidavit, Ex. "A."

5.   The estate will have to share in the cost of salvaging or abandoning the Platform. The expense to the estate to salvage the Platform, in contrast to reefing it, simply cannot be justified. Salvaging the platform would be burdensome to the estate and is of inconsequential value and benefit to the estate.

6.   It is in the best interest of the estate and Mariner, a party in interest, to abandon the Platform. The Court should therefore order the debtor in possession to abandon the Platform by donating the Platform to the State to have the Platform reefed.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court set a hearing on Movant's Motion to Abandon Platform, order the debtor in possession to abandon the Platform by donating the Platform to the State to have the Platform reefed, and that Movant have such other and further relief as is just.

> Respectfully submitted,
>
> JOHNSON DELUCA KENNEDY & KURISKY
> A Professional Corporation
>
> By: _/s/ Millard A. Johnson_____
> Millard A. Johnson
> SBN 10772500
> Fed 245
> Bradley L. DeLuca
> SBN 05653800
> Fed 11510

        4 Houston Center
        1221 Lamar, Suite 1000
        Houston, Texas 77010

        (713) 652-2525 – Telephone
        (713) 652-5130 – Facsimile

        ATTORNEYS FOR MARINER ENERGY, INC. AND MARINER ENERGY RESOURCES, INC.

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record by certified mail, return receipt requested, facsimile, and/or electronic service on this 25th day of September, 2008.

        /s/ Millard A. Johnson_____
        Millard A. Johnson