IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY | § | Case No. 08-34031 |
| | § | (Chapter 11) |
| Debtor | § | |

CREDITORS MARINER ENERGY, INC.
AND MARINER ENERGY RESOURCES, INC.'S
REPLY TO DEBTOR'S OBJECTION TO MOTION TO ABANDON
PLATFORM AND REQUEST FOR ATTORNEYS FEES AND COSTS

TO THE HONORABLE JEFF BOHM, U.S. BANKRUPTCY JUDGE:

COMES NOW, Mariner Energy, Inc. and Mariner Energy Resources, Inc. ("Mariner"), creditors in the above-styled Chapter 11 Bankruptcy case, and make this Reply to Debtor's Objection to Mariner's Motion to Abandon Platform and Request for Attorney's Fees and Costs, and in support thereof would show this Court as follows:

**I.
Reply**

1. Debtor objects to Mariner's Motion to Abandon, claiming the Motion is moot and a waste of judicial resources and seeking sanctions pursuant to Title 28, Section 1927 of the United States Code. Sanctions are not justified in this case.

2. As this Court is aware from prior hearings, there is acrimony and distrust between the parties. Debtor seeks sanction against Mariner for filing its Motion to Abandon Platform.[1] Such sanctions are not appropriate. Mariner seeks an order from this Honorable Court ordering

---

[1] The platform that is the subject of Mariner's Motion to Abandon is located on federal lease block High Island-A 552 offshore Galveston, Texas and is a fixed structure designated as the "A" platform by the Minerals Management Service ("Platform"). The Platform is property operated by Mariner in which Mariner, Debtor and others own an interest.

the debtor in possession to abandon the Platform by donating the Platform to the State to have the Platform reefed. Debtor would have likely sought sanctions regardless of Mariner's actions in seeking to reef the Platform. Considering the acrimonious nature of the parties' relationship, if Mariner had not sought an order from the Court, Debtor would likely have complained. And as this Court is aware, Debtor has sought sanctions because Mariner has sought this Court's approval.

3. Mariner believes it could have donated the Platform to the State to have it reefed as a matter of its ordinary course of business. However, while the reefing of platforms is done from time to time, it occurs sufficiently infrequently that Mariner filed its Motion to Abandon with the Court in an effort to be completely transparent with the Court and to avoid surprise to any interested parties.

4. Mariner requests the Court order the debtor in possession abandon the Platform pursuant to Title 11, Section 554 of the United States Code. Mariner, as operator, is charged with conducting all operations of the Platform, including its removal and salvage. Under federal and state programs, the owners of the Platform have the opportunity to reef the Platform in a nearby lease block, thereby saving the co-owners of the Platform significant salvage and abandonment costs. Mariner has therefore made a business decision that it is in the best interest of Mariner and its co-owners to donate the Platform to the State of Texas and have it reefed. *See* McDaniel Affidavit, Ex. "A." Mariner's decision to donate the Platform is in the ordinary course of business for Mariner as the operator of the Platform. *See id.*

5. The lease on which the Platform sits is expired and terminated. *See* McDaniel Affidavit, Ex. "A." As such, the governing authority, Minerals Management Service, is requiring the removal of the Platform. *See id.* Mariner has complied with Article 8.26 of the

Offshore Operating Agreement to the extent possible. As Debtor admits, on September 29, 2008, Mariner sent to Debtor its Authority for Expenditure ("AFE") No. 080688 for the platform removal. The AFE is attached hereto and incorporated by reference as Exhibit "B." The AFE was sent more than thirty days prior to when Mariner intends to reef the Platform. Mariner intends to reef the Platform in early November, 2008. *See* McDaniel Affidavit, Ex. "A."

6. Furthermore, no party, including Mariner or Debtor, under the Offshore Operating Agreement has the right to retain the Platform because the lease is terminated and the Platform's removal is required by Minerals Management Service. No party under the Offshore Operating Agreement could have exercised any right under that agreement to become the new operator of the Platform because Minerals Management Service will not transfer operatorship of the Platform without a lease. Thus, it is counter-intuitive and misleading for Debtor to complain that Mariner did not comply with Article 8.26 by not allowing Debtor an opportunity to take over the Platform as a new operator.[2]

7. Because the Platform must be removed, the resounding question is how to remove the Platform. The estate will have to share in the cost of salvaging or abandoning the Platform. The expense to the estate to salvage the Platform, in contrast to reefing it, simply cannot be justified. Salvaging the platform would be burdensome to the estate and is of inconsequential value and benefit to the estate.

8. Time is of the essence here because there are a limited number of large Tetra barges available to reef the Platform. Mariner has reached an agreement with Tetra Applied Technologies for its Arapaho Barge to reef the Platform which is currently scheduled for early

---

[2] In fact, it is disingenuous that this Debtor seeks protections of Article 8.26 of the Operating Agreement when it has not paid a dime since 2004 to the operator for the operation of the Platform and sought protections from the Court following Mariner's judgment for the Debtor's breach of the agreement.

November.  *See* McDaniel Affidavit, Ex. "A."    If the Platform is not reefed at this time, the costs to reef the Platform are likely to substantially increase.  *See id.*

9. It is in the best interest of the estate and Mariner, a party in interest, to abandon the Platform.  The Court should therefore order the debtor in possession to abandon the Platform by donating the Platform to the State to have the Platform reefed.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court order the debtor in possession to abandon the Platform by donating the Platform to the State to have the Platform reefed, and that Movant have such other and further relief as is just.

Respectfully submitted,

JOHNSON DELUCA KENNEDY & KURISKY
A Professional Corporation

By: _/s/ Millard A. Johnson_____
Millard A. Johnson
SBN 10772500
Fed 245
Bradley L. DeLuca
SBN 05653800
Fed 11510
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010

(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

ATTORNEYS FOR MARINER ENERGY, INC. AND MARINER ENERGY RESOURCES, INC.

CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record by certified mail, return receipt requested, facsimile, and/or electronic service on this 14th day of October, 2008.

                                         /s/ Millard A. Johnson_____
                                         Millard A. Johnson