UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: | § |
| | § |
| TEXAS STANDARD OIL COMPANY | § |
| | § CASE NO. 08-34031-H4-11 |
| | § |
| Debtor | § |

**FOREST OIL CORP., MARINER ENERGY, INC. AND
MARINER ENERGY RESOURCES, INC.'S OBJECTION TO
DEBTOR'S MOTION FOR AUTHORITY TO PERFORM UNDER
PRE-PETITION NOMINEE AGREEMENT REGARDING HIGH ISLAND A-96**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Forest Oil Corporation ("Forest"), Mariner Energy, Inc. ("MEI") and Mariner Energy Resources, Inc., ("MERI") (collectively "Creditors"), file their Objection to Debtor's Motion for Authority to Perform Under Pre-Petition Nominee Agreement Regarding High Island A-96 ("Motion for Authority").

**Introduction**

1. The Debtor, Texas Standard Oil Co. ("TXSO"), seeks the Courts authority to transfer its interest in an oil and gas property known as High Island Block A-96 ("HI A-96") per the terms of a Nominee Agreement it entered into with Texas Standard Oil & Gas, L.P. ("TX-LP") in August, 2007. Creditors object to this Motion because:

    A. The transfer is to an insider corporation;

    B. There was no consideration for the Nominee Agreement;

    C. The transfer, to the extent one was going to occur, should have taken place when TX-LP became authorized to hold a federal lease per the terms on the Nominee Agreement. TX-LP was granted such authority over one year ago and yet no transfer was requested until now; and

      D. TXSO did not establish that there is a sound business purpose for performing under the Nominee Agreement.

TXSO's Motion to Transfer should be denied as fully set forth below.

### Response to Motion for Authority

**A.    The proposed transfer is to an insider corporation.**

    2.    TXSO is once again seeking to transfer property to an insider corporation. Tim Roberson, President of Roberson GP, Inc., the general partner of TX-LP, signed the Nominee Agreement on behalf of TX-LP. Tim Roberson is apparently the majority owner of TXSO. Such an insider transaction, as this Court has previously noted, is highly suspect and subject to close scrutiny. Upon close scrutiny of the facts it is clear that, TXSO's Motion should be denied.

**B.    There is no consideration for the Nominee Agreement.**

    3.    TXSO states that the consideration for the Nominee Agreement is that TX-LP agreed not to compete against TXSO with regard to the block at issue.[1] Motion for Authority, p. 6, para.16. However, the Nominee Agreement provides that "*TXSO*...shall not compete against *TX-LP* in acquiring any leasehold interests in Block A-96 for a period of five years from the date of this agreement." Nominee Agreement, p. 2, para. 6, Exhibit "B" to TXSO's Motion for Authority. (Emphasis added.) Thus, TX-LP benefits from this non-compete agreement, not TXSO. Further, there is no consideration noted anywhere in the Nominee Agreement to TXSO. Consequently, the agreement is not valid and title, both beneficial and legal, should remain in the name of TXSO.

---

[1] TXSO also appears to argue that the alleged non-compete from TX-LP to TXSO is a "proceed" of the bankruptcy estate. See, Motion, p. 6, para. 16. However, since the non-compete is actually from TXSO, there are no proceeds to the bankruptcy estate from a transfer of the property to TX-LP. Rather, the estate is restricted from acquiring any leasehold interests in Block A-96 until August 17, 2012. Nominee Agreement, p.2, para. 6, Exhibit B to TXSO's Motion for Authority.

C. **If the Nominee Agreement was valid, TXSO should have transferred title over one year ago.**

4. Assuming, for the sake of argument, that the Nominee Agreement is valid, TXSO was required to transfer title to TX-LP "promptly" after the award of the lease. Nominee Agreement, p.1, para. 4. Per Exhibit E to TXSO's Motion for Authority, the lease was awarded to TXSO on September 12, 2007. TX-LP became authorized to hold a federal lease by the Mineral Management Services just weeks after the award of the lease, yet TXSO waited over one year to attempt to transfer its interest in the lease to TX-LP. This delay evidences the fact that TXSO never intended to transfer title and bought the interest for its own account. Only after suit was filed regarding this property did TXSO take any action to transfer the interest.

5. Because TXSO did not follow the terms of the Nominee Agreement upon which it relies, and because TXSO is attempting to transfer the property to an insider while in bankruptcy, the Motion to Transfer should be denied.

D. **There is no sound business purpose for transferring the lease.**

6. TXSO cites the factors courts consider to determine whether there is a sound business judgment to transfer a lease, but then fails to address how those factors support a business purpose for the transfer at issue. The reason for this is clear. TXSO cannot establish a sound business judgment for the transfer it requests.

7. The first factor the Court is to consider is, "the proportionate value of the asset to the estate as a whole." Motion for Authority, p. 6, para. 15, *citing, In re Montgomery Ward Holding Corp.*, 242 B.R. 147 (Bankr. D. Del. 1999) (*citing, Collier on Bankruptcy* §363.02). Notably, this factor is **completely** ignored. Nowhere in the Motion, or in any of the exhibits, is there any mention of the value of this interest. This fact alone establishes that the Motion should be denied.

8. TXSO also ignores the second and third factors, the amount of elapsed time since the filing and the likelihood that a plan of reorganization will be proposed and confirmed in the near future. *Id.* The omission of these elements is telling. TXSO filed bankruptcy on June 26, 2008, and four months later filed this Motion. Further, the Creditors have serious doubts as to whether a legitimate plan of reorganization can or will be proposed by TXSO.

9. Lastly, TXSO completely ignored factors five through seven, all of which relate to the value of the property and the proceeds to be received from the disposition of the property. *Id.* There is absolutely no indication of the value of the property, or of any proceeds to the bankruptcy estate from the transfer of the property. Clearly, TXSO has not met its burden of establishing that there is a sound business reason for transferring the property or that it is in the best interest of the estate.

10. TXSO's Motion for Authority is without merit and must be denied.

### Further Response to Motion for Authority

11. Creditors admit that paragraph 1 of the Motion correctly describes the relief sought by Debtor, but denies that the relief should be granted

12. Creditors admit the allegations of paragraph 2 of the Motion.

13. Creditors admit the allegations contained in paragraph 3 of the Motion.

14. Creditors lack personal knowledge to admit or deny the allegations in paragraph 4 of the Motion. To the extent a response is required, Creditors deny the allegations in paragraph 4 of the Motion.

15. Creditors admit the allegations in the first sentence of paragraph 5 of the Motion. Creditors deny the second sentence of paragraph 5 of the Motion. The Nominee Agreement was not listed on the original Schedule or the original Statement of Financial Affairs which are the

docket numbers referenced in the Motion. In fact, the Nominee Agreement was not disclosed until August, 2008 in amended documents. Creditors lack personal knowledge or admit or deny the allegations in the third sentence of paragraph 5 of the Motion. To the extent a response is required, Creditors deny the allegations in the third sentence of paragraph 5 of the Motion.

16. Creditors lack personal knowledge to admit or deny the allegations of paragraph 6 of the Motion. To the extent a response is required, Creditors deny the allegations in paragraph 6 of the Motion.

17. Creditors lack personal knowledge to admit or deny the allegations of paragraph 7 of the Motion. To the extend a response is required, Creditors deny the allegations in paragraph 7 of the Motion.

18. Creditors lack personal knowledge to admit or deny the allegations in paragraph 8 of the Motion. To the extent a response is required, Creditors deny the allegations in paragraph 8 of the Motion.

19. Creditors lack personal knowledge to admit or deny the allegations in paragraph 9 of the Motion. To the extent a response is required, Creditors deny the allegations in paragraph 9 of the Motion.

20. Creditors lack personal knowledge to admit or deny the allegations in paragraph 10 of the Motion. To the extent a response is required, Creditors deny the allegations in paragraph 10 of the Motion.

21. Creditors lack personal knowledge to admit or deny the allegations in paragraph 11 of the Motion. To the extent a response is required, Creditors deny the allegations in paragraph 11 of the Motion.

22. Creditors deny the allegations in paragraph 12 of the Motion.

23. Creditors lack personal knowledge to admit or deny the allegations in paragraph 13 of the Motion. To the extent a response is required, Creditors deny the allegations in paragraph 13 of the Motion.

24. Creditors deny the allegations in paragraph 14 of the Motion.

25. Paragraph 15 is a legal argument that does not require a response.

26. Creditors deny the allegations in paragraph 16 of the Motion.

27. Creditors deny the allegations in the first sentence of paragraph 17 of the Motion. Creditors admit the allegations contained in the second, third and fourth sentences of paragraph 17 of the Motion. Creditors deny the allegations in the fifth sentence of paragraph 17.

28. Paragraph 18 of the Motion is legal argument that does not require a response.

29. Creditors deny the allegations contained in paragraph 19 of the Motion.

WHEREFORE, Forest Oil Corporation, Mariner Energy Inc. and Mariner Energy Resources, Inc. pray that the Court deny Debtor's Emergency Motion to Sell Assets of the Estate Free and Clear of Liens and Other Interests and Motion to Eliminate Ten-Day Stay Under Bankruptcy Rule 6004(h) and grant such further relief to which they are justly entitled.

Respectfully submitted,

/s/ Bradley L. DeLuca
Bradley L. DeLuca
SBT No. 05653800
George A. Kurisky
SBT No: 11767700

**ATTORNEY FOR FOREST OIL COMPANY, MARINER ENERGY, INC. AND MARINER ENERGY RESOURCES, INC.**

OF COUNSEL:
**JOHNSON DELUCA KENNEDY & KURISKY, P.C.**
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, Texas 77010
(713) 652-2525 Telephone
(713) 652-5130 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF and or First Class Mail on the 14th day of October, 2008, to the following:

All parties on the attached service list.

/s/ Bradley L. DeLuca
Bradley L. DeLuca

## SERVICE LIST
Case No. 08-34031

**Debtor**
Texas Standard Oil Company
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

**Debtor's Counsel**
Wayne Kitchens/Heather McIntyre
HughesWattersAskanase, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
*Via ECF*

**U.S. Trustee**
Stephen D. Statham, Esq.
U.S. Trustee's Office
515 Rusk Street, Suite 3516
Houston, Texas 77002
*Via ECF*

### Parties Requesting Notice

Bradley DeLuca/Brigid Ashcroft
George A. Kurisky, Jr.
Johnson DeLuca Kennedy, et al.
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Attorney for Mariner Energy, Inc.
and Forest Oil Corp.*
*Via ECF*

John P. Dillman, Esq.
Linebarger Goggan Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, Texas 77002-7430
*Via ECF*

Lawrence F. Labanowski
Edward F. Mulholland
Lawrence F. Labanowski & Associates
3939 Essex, Suite 600
Houston, TX 77027
*Via ECF*

### Creditors

Timothy Roberson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Edward R. Ziegler, PE
5063 Westheimer, Suite 810
Houston, TX 77056
*Via US Mail*

Pat Johnson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Texas Standard Oil & Gas, LP
9 Greenway Plaza, Suite 3040
Houston, Texas 77046
*Via US Mail*

Langston Energy, LLC
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

TXS 498 Corp.
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Spagnoletti & Co.
401 Louisiana, 8th Floor
Houston, TX 77002
*Via US Mail*

1268484-1:TSOC:0001