UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY, | § | CASE NO. 08-34031 |
| | § | CHAPTER 11 |
| Debtor. | § | |

**DEBTOR'S MOTION FOR ORDER (i) APPROVING DISCLOSURE STATEMENT; (ii) APPROVING SOLICITATION PACKAGE; (iii) APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGE; (iv) APPROVING FORM OF BALLOT; (v) ESTABLISHING LAST DATE FOR RECEIPT OF BALLOT; (vi) APPROVING PROCEDURES FOR VOTE TABULATION; (vii) ESTABLISHING PROCEDURES AND DEADLINE TO FILE OBJECTIONS TO CONFIRMATION OF PLAN; AND (viii) APPROVING FORM AND <u>MANNER OF NOTICE OF CONFIRMATION HEARING OF RELATED ISSUES</u>**
[Related to Docket No. 116]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Texas Standard Oil Company (the "Debtor") and files this *Debtor's Motion for Order (i) Approving Disclosure Statement; (ii) Approving Solicitation Package; (iii) Approving Procedures for Distribution of Solicitation Package; (iv) Approving Form of Ballot;*

*(v) Establishing Last Date for Receipt of Ballot; (vi) Approving Procedures for Vote Tabulation; (vii) Establishing Procedures and Deadline to File Objections to Confirmation of Plan; and (viii) Approving Form and Manner of Notice of Confirmation Hearing of Related Issues* (the "Motion"). In support thereof, Debtor respectfully represents as follows:

## I.
## JURISDICTION

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the United States Bankruptcy Court for the Southern District of Texas. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## II.
## BACKGROUND

2. On June 26, 2008 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as a debtor-in-possession. No trustee or examiner has been appointed, and no committee of unsecured creditors has been formed.

3. On November 26, 2008, the Debtor filed a its Plan of Reorganization, and accompanying Disclosure Statement, which provides for its reorganization and the payment of certain allowed claims.

## III.
## RELIEF REQUESTED

**A.      Approval of the Disclosure Statement**

   4.  By this Motion, the Debtor seeks approval of the proposed Disclosure Statement as required under 11 U.S.C. § 1125 (the "Disclosure Statement") and the various procedural and administrative processes related to that approval and the confirmation of the Plan of Reorganization (the "Plan").

   5.  The Debtor requests that the Court approve the Disclosure Statement pursuant to § 1125(b) of the Bankruptcy Code.  The Debtor believes that the Disclosure Statement contains "adequate information" within the meaning of § 1125(a)(1) of the Bankruptcy Code.

   6.  Section 1125(a)(1) defines "adequate information" as:

> [I]nformation of a kind, in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

   7.  The Disclosure Statement contains descriptions and summaries of, among other things: (a) the Plan; (b) various events preceding the commencement of the chapter 11 case; (c) the nature of known claims against the Debtor's estate; (d) the manner of distribution under the Plan; (e) the risk factors affecting the Plan; (f) the alternatives to confirmation of the Plan; and (g) the federal tax law consequences of the Plan.  Thus, the Disclosure Statement provides an extensive and comprehensive overview of the Plan and its ramifications sufficient to constitute adequate information.

**B.     Approval of the Solicitation Package**

8.      Upon approval of a disclosure statement, Federal Rule of Bankruptcy Procedure 3017(d) specifies the items that shall be mailed to all creditors, equity security holders, and the United States Trustee.  In accordance with this provision, the Debtor proposes to transmit by mail and/or ECF to all creditors entitled to vote on the Plan, a solicitation package (the "Solicitation Package") comprised of the following items contained on a CD-Rom and/or in paper format:

> (a) a written notice in substantially the form attached hereto as Exhibit "A" of (i) the Court's approval of the Disclosure Statement, (ii) the commencement date of the hearing considering confirmation of the Plan ("Confirmation Hearing"), (iii) the deadline and procedures for filing objections to confirmation of the Plan and related issues, and (iv) notice of the time within which acceptances and rejections of the Plan may be filed;
>
> (b) the Plan and the Disclosure Statement;
>
> (c) form of ballot in substantially the form attached hereto as Exhibit "B"; and
>
> (d) such other information as the Court may require.

9.      Counsel to the Debtor shall be the solicitation and balloting agent (the "Solicitation Agent") to inspect, monitor, and supervise the solicitation process and to transmit the Solicitation Packages to creditors who are entitled to receive the Solicitation Package and to vote on the Plan, to serve as the tabulator of the ballots, and to certify to the Court the results of the balloting.

**C.     Approval of Form of Ballot**

10.     Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting a plan should conform substantially to Official Form No. 14.  The Debtor proposes to use the ballot substantially in the form annexed hereto as Exhibit "B".  All ballots will be accompanied by return envelopes addressed to the Solicitation Agent.

**D.     Establishment of Last Date for Receipt of Ballots**

11.     Bankruptcy Rule 3017(c) requires the court, on or before approval of the disclosure statement, to "fix a time within which the holders of claims and interests may accept or reject the plan." The Debtor proposes that all ballots accepting or rejecting the Plan must be received by the Solicitation Agent no later than 5:00 p.m. Central Time, ten (10) business days prior to the Confirmation Hearing ("Ballot Return Date").

**E.     Approval of Procedures for Vote Tabulation**

12.     With respect to all creditors, the Debtor proposes that the amount of a claim used to tabulate acceptance or rejection of the Plan should be either: (a) the claim amount listed in the Debtor's schedules of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law); (b) the liquidated amount specified in a proof of claim that is not the subject of an objection (or if such claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order); or (c) the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after a motion is brought, notice is provided, and a hearing is held prior to the Voting Deadline.

13.     If a creditor casts a ballot, the creditor has timely filed a proof of claim (or has otherwise had such proof of claim deemed timely filed by the Court and applicable law), and the creditor's claim is the subject of an objection to claim filed before the Confirmation Hearing, the Debtor proposes, in accordance with the Bankruptcy Rule 3018, that the creditor's ballot shall not be counted, unless temporarily allowed by the Court for voting purposes pursuant to

Bankruptcy Rule 3018(a), after a motion is brought, notice is provided, and a hearing is held prior to the Confirmation Hearing.[1]

14. The Debtor further proposes that ballots cast by creditors whose claims (a) are not listed on the Debtor's schedule of liabilities, or (b) are listed as disputed on the Debtor's schedule of liabilities, but who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection before the commencement of the Confirmation Hearing, will have their ballots counted towards satisfying the numerosity requirement of § 1126(c) of the Bankruptcy Code, and will have their ballots counted as $1.00 towards satisfying the aggregate claim amount requirements of that section.

15. In addition, the Debtor proposes that the following voting procedures and standard assumptions be used in tabulating ballots:

    a. For purposes of the numerosity requirements of § 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtor in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

    b. Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will be counted as a single affirmative vote to accept the Plan.

    c. Ballots that fail to indicate an acceptance or rejection of the Plan, but are otherwise properly executed and received prior to the Ballot Return Date, will be counted as a vote accepting the Plan.

    d. Only ballots that are timely received with original signatures will be counted. Unsigned ballots will not be counted. Facsimile ballots will not be counted unless the claimant receives the written consent of the Debtor.

---

[1] This proposed procedure is consistent with § 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed § 502 of the Bankruptcy Code. In turn, § 502(a) of the Bankruptcy Code provides that a filed proof of claim is deemed allowed "unless a party in interest . . . objects."

     e.    Any ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

     f.    Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject a Plan will not be counted.

**F.**     **Establishment of Deadline and Procedures to File Objections to Confirmation of Plan.**

16.    Bankruptcy Rule 2002(b) requires at least 25 days' notice to parties in interest of the time fixed for filing objections to confirmation of a plan.

17.    The Debtor proposes that any objection, comment, or response to the confirmation of the Plan (including any supporting memoranda) must: (a) be in writing; (b) state the grounds for the objection, if any, and the legal and factual bases thereof; (c) reference with specificity the text of the Plan to which the objection, if any, is addressed; (d) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy rules; and (e) be served on the parties identified below, and be filed with the Court, together with proof of service, such that they are received by such parties and the Court on or before 4:30 p.m. Central Time, on or before fifteen (15) working days prior to the confirmation hearing. Objections to confirmation of the Plan should be served on the following parties:

*To the Debtor*

Heather McIntyre
HughesWattersAskanase, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002
Tel: 713.759.0818
Fax: 713.759.6834

With a copy to:

*To the United States Trustee:*

Office of the United States Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
Tel: 713.718.4650
Fax: 713.718.4670

18. The Debtor further proposes that all objections not timely filed and served in accordance with the provisions of this Motion be deemed waived.

### G. Approval Of Form And Manner Of Notice Of The Confirmation Hearing And Of Related Issues

19. If the Court approves the Disclosure Statement and grants the relief requested in this Motion, notice of: (a) the Court's approval of the Disclosure Statement; (b) the commencement date of the Confirmation Hearing; (c) the deadline and procedures for filing objections to confirmation of the Plan; and (d) claims voting procedures shall be included as part of the Solicitation Package in substantially the form of the Notice annexed hereto as Exhibit "A" shall be sent on a CD-Rom or in paper format via regular mail and/or ECF to all creditors, parties in interest and equity security holders consistent with the relief requested in this Motion.

## IV.
## PRAYER

WHEREFORE, the Debtor requests this Court enter an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

      Respectfully submitted,

      */s/ Heather H. McIntyre*
| | |
|---|---|
| Wayne Kitchens | TBN 11541110 |
| David Askanase | TBN 01390000 |
| Heather McIntyre | TBN 24041076 |

HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
Telephone: 713-759-0818
Facsimile: 713-759-6834
ATTORNEYS FOR TEXAS STANDARD
OIL COMPANY

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served on the parties listed on the attached Service List via first class U.S. Mail, postage prepaid, and/or ECF and/or email as indicated on December 1, 2008.

      */s/ Heather H. McIntyre*
      Heather H. McIntyre

# SERVICE LIST
## Case No. 08-34031-H4-1

| | | |
|---|---|---|
| **DEBTOR** | **DEBTOR'S COUNSEL** | **U.S. Trustee** |
| Texas Standard Oil Company | Wayne Kitchens, Esq. | Stephen D. Statham, Esq. |
| 9 Greenway Plaza, Suite 3040 | Heather McIntyre, Esq. | U.S. Trustee's Office |
| Houston, Texas 77046-0919 | HughesWattersAskanase, LLP | 515 Rusk Street, Suite 3516 |
| *Via Email* | 333 Clay Street, 29th Floor | Houston, Texas 77002 |
| | Houston, Texas 77002-4168 | *Via ECF* |
| | *Via ECF* | |

## PARTIES REQUESTING NOTICE

Bradley DeLuca, Esq./Brigid Ashcroft, Esq.
Johnson DeLuca Kennedy, et al.
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Via ECF*

Lawrence F. Labanowski, Esq.
Edward F. Mulholland
Lawrence F. Labanowski & Associates
3939 Essex, Suite 600
Houston, TX 77027
*Via ECF*

John P. Dillman, Esq.
Linebarger Goggan Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, Texas 77002-7430
*Via ECF*

## CREDITORS

Edward R. Ziegler, PE
5063 Westheimer, Suite 810
Houston, TX 77056
*Via US Mail*

Pat Johnson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Grimes Energy Company
11 greenway, Suite 2902
Houston, TX 77046
*Via US Mail*

PetroVal, Inc.
2009 Huldy
Houston, TX 77019
*Via US Mail*

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326
*Via US Mail*

Spagnoletti & Co.
401 Louisiana, 8th Floor
Houston, TX 77002
*Via US Mail*

Langston Energy, LLC
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Texas Standard Oil & Gas, LP
9 Greenway Plaza, Suite 3040
Houston, Texas 77046
*Via US Mail*

**SERVICE LIST**
**Case No. 08-34031-H4-1**

| | |
|---|---|
| Timothy Roberson<br>9 Greenway Plaza, Suite 3040<br>Houston, Texas 77046-0919<br>*Via US Mail* | Kyung S. Lee, Esq.<br>Diamond McCarthy, LLP<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>*Via US Mail* |
| TXS 498 Corp.<br>9 Greenway Plaza, Suite 3040<br>Houston, Texas 77046-0919<br>*Via US Mail* | Jason M. Rudd, Esq.<br>Diamond McCarthy, LLP<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>*Via ECF* |

**PARTIES IN INTEREST**

| | |
|---|---|
| Apache Corporation<br>Robert Sergesketter, Esq.<br>2000 Post Oak Blvd., Suite 100<br>Houston, TX 77056<br>*US Mail* | MS Crescent Nine Greenway SPV, LLC<br>3 Greenway Plaza, Suite 110<br>Houston, TX 77046<br>*US Mail* |
| Buccaneer Resources LLC<br>330 South Gessner, Suite 200<br>Houston, TX 77063<br>*Via US Mail* | Pitney Bowes<br>P.O. Box 856042<br>Louisville, KY 40285<br>*US Mail* |
| Frankel Offshore Energy, Inc.<br>5205 Pine Street<br>Bellaire, TX 77401-4820<br>*Via US Mail* | Sandalwood Exploration, LP<br>1220 Augusta Drive, Suite 400<br>Houston, TX 77057<br>*US Mail* |
| Frankel Offshore Energy, Inc.<br>c/o Philip Nizialek, Esq.<br>1100 Poydras Street, Suite 3100<br>New Orleans, LA 70163<br>*Via US Mail* | Transco Exploration Company<br>2800 Post Oak Blvd.<br>Houston, TX 77056<br>*US Mail* |
| Highbaugh Field Corp.<br>1320 South Loop West<br>Houston, TX 77054<br>*Via US Mail* | **Davis Well** |
| Houston Energy, LP<br>1415 Louisiana, Suite 2150<br>Houston, TX 77002<br>*US Mail* | Grimes Energy Company<br>Attn: Mike Crimes<br>1220 Augusta Drive, Suite 1218<br>Houston, TX 77002<br>*Via Email:* fuelfossil@msn.com |

SERVICE LIST
Case No. 08-34031-H4-1

Heritage Energy, L.L.C.
Attn:  Robert G. Lindberg
205 West Maple, Rt. 30
New Lenox, IL 60451
*Via Email:  lobooilgas@aol.com*

Island Drilling, L.L.C.
Attn:  Louis I. Schneider
10260 Westheimer, Suite 200
Houston, TX 77042
*Via Email: louis.schneider@eco.chouest.com*

James L. Allen
4019 Coleridge
Houston, TX 77005
*Via Email:  jimallen@jlaev.com*

Manti Resources, Inc.
Attn:  Tim P. Boyle
800 N. Shoreline Drive, Suite 900 South
Corpus Christi, TX 78401
*Via Email   tim@mantires.com*

Roemer Interests, Ltd.
Attn:  Lamar Roemer
35 N. Wynden Drive
Houston, TX 77056
*Via Email:  lamar@roemeroil.com*

Rosbottom Production Corporation
Attn:  Harold L. Rosbottom, Jr.
2640 Youree Drive
Shreveport, LA 71104
*Via Email:  hrosbottom@rosbottom.com*

Sandalwood Exploration, L.P.
Attn: C. Phil Fleming
1220 Augusta Drive, Suite 400
Houston, TX 77057
*Via Email: pfleming@soginc.net*

Square Mile Energy, L.L.C.
Attn:  Kerry G. Bonner
5847 San Felipe, Suite 2940
Houston, TX 77057
*Via Email:  k.bonner@sqmenergy.com*

Weiser-Brown Oil Company
Attn:  Chris Weiser
117 E. Calhoun
Magnolia City, AR 71753
*Via Email:  chriswweiser@msn.com*

**High Island A552**

Energy Development Corporation
Attn:  D. W. Wohlfarth
80 Park Place
Newark, NJ 07101
*Via US Mail*

Freeport Oil Company
Attn:  G.B. McBride
P.O. Box 3038
Midland, TX 79702
*Via US Mail*

Transco Exploration Company
Attn:  Wade S. McAlister
P.O. Box 1396
Houston, TX 77001
*Via US Mail*

**Main Pass**

Andex Resources, L.L.C.
Attn:  Roy G. Anderson
700 Louisiana, Suite 1100
Houston, TX 77005
*Via Fax:  713-650-3331*

Apache Corporation
Attn:  Land Manager – Gulf Coast Region
2000 Post Oak Blvd., Suite 100
Houston, TX 77056-4400
*Via Fax:  713-296-7024*

# SERVICE LIST
## Case No. 08-34031-H4-1

CDB Oil & Gas, L.L.C.
Attn:  Jerald P. Block
422 East First Street
Thibodaux, LA 70301
*Via Fax:  985-446-0422*

Daubert-Howell Energy, Ltd.
Attn:  C. Robert Daubert
4040 Broadway Street, Suite 515
San Antonio, TX 78209
*Via Fax:  210-822-0912*

Fairways Offshore Exploration, Inc.
Attn:  Paul A. Doyle
9800 Northwest Freeway, Suite 500
Houston, TX 77092
*Via Fax:  713-622-3474*

Grimes Energy Company
Attn:  Mike Crimes
1220 Augusta Drive, Suite 1218
Houston, TX 77002
*Via Fax:  713-655-0018*

James L. Allen
4019 Coleridge
Houston, TX 77005
*Via Fax:  713-961-0185*

Pesca Drilling, L.L.C.
Attn:  Louis I. Schneider
10260 Westheimer, Suite 200
Houston, TX 77042
*Via Fax:  832-251-6326*

Roemer Interests, Ltd.
Attn:  Lamar Roemer
35 N. Wynden Drive
Houston, TX 77056
*Via Fax:  713-623-2207*

Rosbottom Production Corporation
Attn:  Harold L. Rosbottom, Jr.
2640 Youree Drive
Shreveport, LA 71104
*Via Fax:  318-219-2275*

Sandalwood Exploration, L.P.
Attn:  C. Phil Fleming – Vice President, Land
1220 Augusta Drive, Suite 400
Houston, TX 77057
*Via Fax:  713-658-1822*

Texas Standard Oil Company
Attn:  Timothy M. Roberson
Nine Greenway Plaza, Suite 3040
Houston, TX 77046
*Via Fax:  713-655-1197*

Weiser-Brown Oil Company
Attn:  Chris Weiser
117 E. Calhoun
Magnolia City, AR 71753
*Via Fax:  870-234-3839*

Wolf Resources, L.P.
Attn:  Tom L. Dodds
700 Louisiana, Suite 1100
Houston, TX 77006
*Via Fax:  713-650-3331*

**West Delta 34**

Energy Development Corporation
Attn:  Dave W. Wohlfarth
80 Park Place
Newark, NJ 07101
*Via US Mail*

Freeport Oil Company
Attn:  Charles Jeanfreau
P.O. Box 3038
Midland, TX 79701
*Via US Mail*

McMoRan Exploration Co.
Attn:  Andre V. Wogan
3400 The Plaza Tower
New Orleans, LA 70113
*Via US Mail*

**SERVICE LIST**
**Case No. 08-34031-H4-1**

Pioneer Production Corporation
Attn:  Mr. Erle Mathis
P.O. Box 2542
*Via US Mail*

Texas Exploration Company
Attn:  John R. Fletcher
P.O. Box 1396
Houston, TX 77001
*Via US Mail*

The Continental Group, Inc.
Attn:  Spencer Scheidler
633 Third Avenue
New York, NY 10017
*Via US Mail*


**West Delta 34 Farmout**


Forest Oil Corporation
Attn:  Vic Luszcz
1600 Broadway, Suite 2200
Denver, CO 80202
*Via Fax:  303-812-1454*

Houston Energy, L.P.
Attn:  P. David Amend
1415 Louisiana, Suite 2150
Houston, TX 77002
*Via Fax:  713-650-8305*

Noble Energy, Inc.
Attn:  Roger Souders
100 Glenborough, Suite 100
Houston, TX 77067
*Via Fax:  281-876-6300*

Pioneer Natural Resources USA, Inc.
Attn:  Gulf Coast Land Manager
1400 Williams Square West
5205 N. O'Connor Blvd.
Irving, TX 75039
*Via US Mail*

Texas Standard Oil Company
Attn:  Timothy Roberson
Nine Greenway Plaza, Suite 3040
Houston, TX 77046
*Via Fax:  713-655-1197*

**EQUITY INTEREST HOLDERS**

Charles Sharman
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Timothy Roberson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Idylette Roberson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

LuJan Langston
10210 Highway 243
Kaufman, Texas 75142
*Via US Mail*

Joseph Langston
10210 Highway 243
Kaufman, Texas 75142
*Via US Mail*