UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS STANDARD OIL COMPANY, | § | CASE NO. 08-34031 |
| | § | CHAPTER 11 |
| Debtor. | § | |

**ORDER (i) APPROVING DISCLOSURE STATEMENT;
(ii) APPROVING SOLICITATION PACKAGE; (iii) APPROVING PROCEDURES
FOR DISTRIBUTION OF SOLICITATION PACKAGE; (iv) APPROVING FORM
OF BALLOT; (v) ESTABLISHING LAST DATE FOR RECEIPT OF BALLOT;
(vi) APPROVING PROCEDURES FOR VOTE TABULATION;
(vii) ESTABLISHING PROCEDURES AND DEADLIEN TO FILE
OBJECTIONS TO CONFIRMATION OF PLAN; AND (viii) APROVING FORM AND
MANNER OF NOTICE OF CONFIRMATION HEARING OF RELATED ISSUES**

Upon consideration of the *Debtor's Motion for Order (i) Approving First Disclosure Statement; (ii) Approving Solicitation Package; (iii) Approving Procedures for Distribution of Solicitation Package; (iv) Approving Form of Ballot; (v) Establishing Last Date for Receipt of Ballot; (vi) Approving Procedures for Vote Tabulation; (vii) Establishing Procedures and Deadline to File Objections to Confirmation of Plan; and (viii) Approving Form and Manner of Notice of Confirmation Hearing of Related Issues* (the "Motion"), filed by Texas Standard Oil Company ("Debtor"), due and adequate notice having been given under the circumstances, and it appearing that the relief requested is in the best interest of the Debtor's estate, the creditors, and other parties in interest, and good cause having been shown for the relief requested, it is hereby

ORDERED that the Motion is **GRANTED**. It is further

ORDERED that the Disclosure Statement Under 11 U.S.C. § 1125 ("Disclosure Statement") in support of the Plan of Reorganization filed by the Debtor ("Plan") provides adequate information and is hereby approved pursuant to 11 U.S.C. § 1125(b) of the Bankruptcy Code. It is further

1331576-1:TSOC:0001

ORDERED that the Debtor shall transmit by mail and/or ECF to all creditors entitled to vote on the Debtor's Plan a solicitation package ("Solicitation Package") comprised of the following items contained on a CD-Rom and/or in paper format to be determined by the Debtor:

(a) a written notice in substantially the form attached as Exhibit "A" to the Motion of (i) the Motion, (ii) the commencement date of the hearing considering confirmation of the Plan ("Confirmation Hearing"), (iii) the deadline and procedures for filing objections to confirmation of the Plan and related issues, and (iv) notice of the time within which acceptances and rejections of the Plan may be filed;

(b) the Plan and the Disclosure Statement;

(c) a form of ballot in substantially the form attached as Exhibit "B" to the Motion; and

(d) such other information as the Court may require.

It is further

ORDERED that counsel to the Debtor shall be the solicitation and balloting agent ("Solicitation Agent") to inspect, monitor, and supervise the solicitation process and to transmit the Solicitation Packages to creditors who are entitled to receive the Solicitation Package and to vote on the Plan, to serve as the tabulator of the ballots, and to certify to the Court the results of the balloting. It is further

ORDERED that all ballots accepting or rejecting the Plan must be received by the Solicitation Agent no later than 5:00 p.m. Central Time, on _____ ("Ballot Return Date"). It is further

ORDERED that the amount of a claim used to tabulate acceptance or rejection of the Plan shall be either: (a) the claim amount listed in the Debtor's schedules of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable

law); (b) the liquidated amount specified in a proof of claim and is not the subject of an objection (or if such claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order); or (c) the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after a motion is brought, notice is provided, and a hearing is held prior to the Voting Deadline.  It is further

ORDERED that if a creditor casts a ballot, the creditor has timely filed a proof of claim (or has otherwise had such proof of claim deemed timely filed by the Court under applicable law), and the creditor's claim is the subject of an objection to claim filed before the Confirmation Hearing, the creditor's ballot shall not be counted, unless temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a), after a motion is brought, notice is provided, and a hearing is held prior to the Confirmation Hearing.  It is further

ORDERED that the ballots cast by creditors whose claims (a) are not listed on the Debtor's schedule of liabilities or (b) are listed as disputed on the Debtor's schedules of liabilities, but who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection before the commencement of the Confirmation Hearing, shall have their ballots counted towards satisfying the numerosity requirement of § 1126(c) of the Bankruptcy Code, and shall have their ballots counted as $1.00 towards satisfying the aggregate claim amount requirements of that section.  It is further

ORDERED that the following voting procedures and standard assumptions shall be used in tabulating ballots:

    a.    For purposes of the numerosity requirements of § 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class shall be aggregated as if such creditor held one claim against the Debtor in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

    b.    Creditors shall vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will be counted as a single affirmative vote to accept the Plan.

    c.    Ballots that fail to indicate an acceptance or rejection of the Plan, but are otherwise properly executed and received prior to the Ballot Return Date, will be counted as a vote accepting the Plan.

    d.    Only ballots that are timely received with original signatures will be counted. Unsigned ballots will not be counted. Facsimile ballots will not be counted unless the claimant receives the written consent of the Debtor.

    e.    Any ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

    f.    Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject a Plan will not be counted.

It is further

ORDERED that any objection, comment, or response to the confirmation of the Plan (including any supporting memoranda) must (a) be in writing; (b) state the grounds for the objection, if any, and the legal and factual bases thereof; (c) reference with specificity the text of the Plan to which the objection, if any, is addressed; (d) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and (e) be served on the parties below, and be filed with the Court, together with proof of service, such that they are received by such parties and the Court on or before 4:30 p.m. Central Time, on _____, 20___. Objections to confirmation of the Plan should be served on the following parties:

*To the Debtor*

Heather McIntyre
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002
Tel: 713.759.0818
Fax: 713.759.6834

1331576-1:TSOC:0001

With a copy to:

    *To the United States Trustee:*

    Office of the United States Trustee
    515 Rusk Avenue, Suite 3516
    Houston, Texas 77002
    Tel:  713.718.4650
    Fax:  713.718.4670

It is further

    ORDERED that all objections not timely filed and served in accordance with the provisions of this Motion shall be deemed waived.  It is further

    ORDERED that notice of (a) the Court's approval of the Disclosure Statement, (b) the commencement date of the Confirmation Hearing, (c) the deadline and procedures for filing objections to confirmation of the Plan, and (d) claims voting procedures shall be included as part of the Solicitation Package in substantially the form of the Notice annexed as Exhibit "A" to the Motion and shall be sent on a CD-Rom and/or paper via regular mail to all creditors, parties in interest, and equity holders that are entitled to vote consistent with the relief requested in this Motion.  It is further

    ORDERED that the Confirmation Hearing shall be on _____, 20___.

    SIGNED this _____ day of _____ 20___.


                                                  _____
                                                THE HONORABLE JEFF BOHM,
                                                UNITED STATES BANKRUPTCY JUDGE

APPROVED & SUBMITTED BY:

*/s/ Heather McIntyre*
Wayne Kitchens     TBN 11541110
David Askanase     TBN 01390000
Heather McIntyre   TBN 24041076
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002
Tel: 713.759.0818
Fax: 713.759.6834
COUNSEL FOR TEXAS STANDARD
OIL COMPANY

1331576-1:TSOC:0001