UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| TEXAS STANDARD OIL COMPANY | § § | CASE NO. 08-34031 |
| Debtor, | § § § | CHAPTER 11 |
| TEXAS STANDAR OIL COMPANY | § § § | |
| V. | § § | CONTESTED MATTER CLAIM NO. 7 |
| MARINER ENERGY, INC./MARINER ENERGY RESOURCES, INC. | § § § | |

**CREDITORS MARINER ENERGY RESOURCES, INC. AND MARINER ENERGY INC.'S ANSWER TO DEBTOR'S OBJECTION TO CLAIM 7**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Creditors Mariner Energy Resources, Inc. ("MERI") and Mariner Energy, Inc., ("MEI") (collectively "Mariner") files its answer and/or response to the allegations set forth in the individually-numbered paragraphs of the Debtor's Objection to Claim 7 ("Objection") as follows:

**ANSWER**

1. Mariner denies the allegations contained in sub-section (i) of Paragraph 1 of the Objection. Mariner admits that a portion of its claim is contingent as set forth in sub-section (ii) of Paragraph 1 of the Objection, but states that to the extent the contingencies relate to the appeal, it will prevail on the issues relevant to this contingency. Mariner denies the remaining allegations contained in sub-section (ii) Paragraph 1 of the Objection. Mariner admits that the costs to plug and abandon the West Delta 34 Property ("WD 34 Property") are based upon

1

estimates as set forth in sub-section (iii) of Paragraph 1 of the Objection, but states that Debtor is responsible, and indeed has acknowledged responsibility, for such plug and abandonment costs. To the extent the Debtor contends otherwise, Mariner denies this allegation as well as the remaining allegations contained in sub-section (iii) of Paragraph 1. Mariner denies the allegations contained in sub-sections (iv) through (vi) of Paragraph 1 of the Objection. Mariner admits that the non-delinquent working interest owners have paid a portion of the Debtor's past due and owing JIBS as set forth in sub-section (vii) of Paragraph 1 of the Objection, but states that Mariner and the non-delinquent working interest owners expect to be reimbursed by the Debtor when/if the Debtor pays the amount due and owing. To the extent the Debtor contends otherwise, Mariner denies the remaining allegations contained in sub-section (vii) of Paragraph 1 of the Objection. Mariner admits that a portion of the claim is for administrative expenses as contained in sub-section (viii) of Paragraph 1 of the Objection, but denies the remaining allegations.

2.  Mariner admits the allegations contained in Paragraph 2 of the Objection.

3.  Mariner denies the allegations contained in Paragraph 3 of the Objection.

4.  Mariner admits the allegations contained in the first and second sentence in Paragraph 4 of the Objection. Mariner denies the allegations contained in the last sentence of Paragraph 4 of the Objection.

5.  Mariner denies the allegations contained in the first and second sentence of Paragraph 5 of the Objection. Mariner admits that the costs to plug and abandon the WD 34 Property are estimates which have not yet been incurred as set forth in the third sentence of Paragraph 5 of the Objection, but states that Debtor is responsible, and indeed has acknowledged responsibility, for such plug and abandonment costs. To the extent Debtor contends otherwise,

Mariner denies this allegation. Mariner admits that the non-delinquent working interest owners have paid a portion of the Debtor's past due and owing JIBS as set forth in the third sentence of Paragraph 5 of the Objection, but states that Mariner and the non-delinquent working interest owners expect to be reimbursed by the Debtor when/if the Debtor pays the amount due and owing. To the extent the Debtor contends otherwise, Mariner denies the remaining allegations contained in the third sentence of Paragraph 5.

6. Mariner admits the allegations contained in the first and second sentence of Paragraph 6 of the Objection. Mariner denies the allegations contained in the third sentence of Paragraph 6 of the Objection. Mariner admits the allegations contained in the fourth sentence of Paragraph 6 of the Objection. Mariner denies the allegations contained in the fifth sentence of Paragraph 6 of the Objection.

7. Mariner admits that it inadvertently sent out a credit in error as set forth in Paragraph 7 of the Objection, but states that shortly thereafter, the error was rectified and the credit reversed with notice to Debtor. Any remaining allegations in Paragraph 7 of the Objection are denied.

8. Mariner admits the allegations contained in the first sentence of Paragraph 8 of the Objection. Mariner admits that the wells on the WD 34 Property have not been plugged and abandoned as set forth in the second sentence of Paragraph 8 of the Objection, but, after making reasonable inquiry, is unable to admit or deny the allegations concerning the timing of the plug and abandonment of the WD 34 Property contained in the second sentence of Paragraph 8 of the Objection as it is not known when such plug and abandonment will occur. To the extent that the Debtor denies that it is liable for the plug and abandonment costs when they arise, Mariner denies the remaining allegations in the second sentence of Paragraph 8 of the Objection. Mariner

denies the allegations contained in the third sentence of Paragraph 8 of the Objection.

9. Mariner admits the allegations contained in Paragraph 9 of the Objection, but states that the debt is owed to Mariner Energy Resources, Inc.

10. Mariner denies the allegations contained in sub-section (i) of Paragraph 10 of the Objection. Mariner admits that a portion of its claim is contingent as set forth in sub-section (ii) of Paragraph 10 of the Objection, but states that to the extent the contingencies relate to the appeal, it will prevail on the issues relevant to this contingency. Mariner denies the remaining allegations contained in sub-section (ii) of Paragraph 10 of the Objection. Mariner admits that the costs to plug and abandon the WD 34 Property are based upon estimates as set forth in sub-section (iii) of Paragraph 10 of the Objection, but states that Debtor is responsible, and indeed has acknowledged responsibility, for such plug and abandonment costs. To the extent the Debtor contends otherwise, Mariner denies this allegation as well as the remaining allegations contained in sub-section (iii) of Paragraph 10 of the Objection. Mariner denies the allegations contained in sub-sections (iv) through (vi) of Paragraph 10 of the Objection. Mariner admits that the non-delinquent working interest owners have paid a portion of the Debtor's past due and owing JIBs as set forth in sub-section (vii) of Paragraph 10 of the Objection, but states that Mariner and the non-delinquent working interest owners expect to be reimbursed by the Debtor when/if the Debtor pays the amounts due and owing. To the extent the Debtor contends otherwise, Mariner denies the remaining allegations contained in sub-section (vii) of Paragraph 10 of the Objection. Mariner admits that a portion of the claim is for administrative expenses as contained in sub-section (viii) of Paragraph 10 of the Objection, but denies the remaining allegations.

## FURTHER RESPONSE: DEBTOR'S OBJECTION IS NOT VALID

11. The Debtor is contractually obligated to pay all expenses associated with the properties at issue. These expenses include the monthly operating expenses ("JIBs") both before and after the Debtor filed for bankruptcy, and all expenses to plug and abandon the properties.

12. The monthly JIB's provide the methodology and billing of these charges. These documents, as well as other requested supporting documents, are either in the Debtor's possession or have been provided to the Debtor, and these documents show the amounts owed by Debtor, either pre-petition or post-petition.

13. As set forth in the foregoing Answer, Mariner received a final judgment against Debtor, which amounts are due and owing. There are certain additional amounts that Mariner asserts will be recovered on appeal and thus will also be due and owing.

14. While certain amounts for plugging and abandoning the wells are estimated, Debtor is still obligated to pay these amounts (and has in fact acknowledged said obligation). Thus, Debtor's assertion that costs for plugging and abandonment on amounts not yet incurred is inaccurate and contrary to law and industry standard.

15. The amounts asserted by Mariner as due and owing are not duplicative of each other. Mariner has compiled and supplied as its proof of claim a list of amounts owed by the Debtor, including a) the amounts due and owing under the judgment; b) the amounts that will be due and owing under the judgment following the appeal; c) the amounts due and owing after the judgment and until the time Debtor filed for bankruptcy; and d) the amounts due and owing following the filing for bankruptcy.

16. All amounts sought under the final judgment comply with the final judgment. To the extent that Debtor is asserting otherwise, Mariner refers the Debtor to the final judgment (which is devoid of any reference to any formula, or its functional equivalent).

17. Mariner denies that any sort of misallocation has taken place. Obviously, in the tens of thousands of transactions that take place on a given property, occasional coding errors are made. This takes place on all properties. However, to the extent that Debtor asserts that some large scale misallocation has taken place, Mariner denies same.

18. Debtor alleges that the other non-delinquent working interest owners paid a portion of the JIBs due and owing by the Debtor. While this is true, all the working interest owners, including Mariner, expect reimbursement of said amounts when/if Debtor repays said amounts in conformance with the applicable Offshore Operating Agreement.

19. Debtor's objection to Mariner's claim is without merit and should be denied.

## AFFIRMATIVE DEFENSES

20. For further answer, if same be necessary, Debtor's objection is barred by the doctrine of res judicata.

21. For further answer, if same be necessary, Debtor's objection is barred by the doctrine of collateral estoppel.

22. For further answer, if same be necessary, Debtor's objection is barred by the doctrine of issue preclusion.

WHEREFORE, Creditors Mariner Energy Resources, Inc. and Mariner Energy, Inc. pray that Debtor's Objection to Mariner Energy Resources, Inc. and Mariner Energy, Inc.'s Claim No.7 be denied in its entirety and also pray for such further relief to which they are justly entitled.

Respectfully submitted,

/s/ Bradley L. DeLuca
Bradley L. DeLuca
SBT No. 05653800
George A. Kurisky
SBT No: 11767700

**ATTORNEYS FOR CREDITORS
MARINER ENERGY RESOURCES, INC. AND
MARINER ENERGY, INC.**

OF COUNSEL:
**JOHNSON DELUCA KENNEDY & KURISKY, P.C.**
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, Texas 77010
(713) 652-2525 Telephone
(713) 652-5130 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF on the 6th day of February, 2009, to the following:

All parties on the attached service list.

/s/ Bradley L. DeLuca
Bradley L. DeLuca

## SERVICE LIST
Case No. 08-34031

**Debtor**
Texas Standard Oil Company
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

**Debtor's Counsel**
Wayne Kitchens, Esq.
Heather McIntyre, Esq.
HughesWattersAskanase, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
*Via ECF*

**U.S. Trustee**
Stephen D. Statham, Esq.
U.S. Trustee's Office
515 Rusk Street, Suite 3516
Houston, Texas 77002
*Via ECF*

### Parties Requesting Notice

Bradley DeLuca, Esq./Brigid Ashcroft, Esq.
George A. Kurisky, Jr., Esq.
Johnson DeLuca Kennedy, et al.
1221 Lamar Street, Suite 1000
Houston, Texas 77010
*Via ECF*

John P. Dillman, Esq.
Linebarger Goggan Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, Texas 77002-7430
*Via ECF*

Lawrence F. Labanowski, Esq.
Edward F. Mulholland
Lawrence F. Labanowski & Associates
3939 Essex, Suite 600
Houston, TX 77027
*Via ECF*

Philip Eisenberg / Mark Chavaez
Locke Lord Bissell & Liddell, LLP
600 Travis Street, Suite 3400
Houston, TX 77002
*Via ECF*

### Creditors

Edward R. Ziegler, PE
5063 Westheimer, Suite 810
Houston, TX 77056
*Via US Mail*

Grimes Energy Company
11 Greenway, Suite 2092
Houston, TX 77046
*Via US Mail*

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326
*Via US Mail*

Langston Energy, LLC
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

Pat Johnson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

PetroVal, Inc.
Attn: Kimberly S. McCullough
2009 Huldy
Houston, TX 77019
*Via US Mail*

Spagnoletti & Co.
401 Louisiana, 8th Floor
Houston, TX 77002
*Via US Mail*

Texas Standard Oil & Gas, LP
9 Greenway Plaza, Suite 3040
Houston, Texas 77046
*Via US Mail*

1318525-1:TSOC:0001

**SERVICE LIST**
Case No. 08-34031

Timothy Roberson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*

TXS 498 Corp.
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919
*Via US Mail*