**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **TEXAS STANDARD OIL** | § | **CASE NO. 08-34031-H4-7** |
| **COMPANY** | § | **(Chapter 7)** |
| DEBTOR | | |

## Trustee's Motion to Sell Property Free and Clear
## of All Liens, Claims and Encumbrances
## and Request for Approval of  Auction Process

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 20 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:**

This Motion seeks approval for a sale of certain assets of this estate and seeks approval

for an auction process.  The auction will occur on the day of the hearing for this motion with an

order of sale entered the same day.

### Jurisdiction and Venue

1.	This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C.

§1334(b).  Venue is proper pursuant to 28 U.S.C. §§1408 & 1409.  This is a core

proceeding pursuant to 28 U.S.C. §157(b)(2)(A) & (N).

**Background**

2.　　On June 26, 2008, Texas Standard Oil Company, ("Texas Standard" or "the Debtor"),

filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code.

3.　　On April 2, 2009, this Court entered an Order converting the case to a case under Chapter

7.

4.　　Rodney Tow is the duly appointed Chapter 7 Trustee, and continues to act in that

capacity.

5.　　Texas Standard is an oil and gas company which owns interests in several oil and gas

wells primarily in Louisiana, both on and offshore.

6.　　 The Trustee contacted a Mr. Tom Engelhart, an individual who specializes in evaluating

and selling oil and gas interests to determine the approximate value of the Estate's

interest in the High Island Block a-96; Federal Waters Offshore, Texas, ("the A-96

well").

7.　　On July 22, 2009, the Trustee received a written offer from Grimes Energy Company to

purchase the estate's interest in the A-96 well for $10,000.00.    A copy of that offer is

attached hereto as Exhibit "A".

8.　　According to the Debtor's Schedules, there are no secured creditors with a lien on the

Debtor's assets, including the A-96 well.

9.　　 The Chapter 7 has been noticed as an asset case and the deadline to file claims was July

27, 2009.

10.　　It is likely this sale will provide funds to the estate which will be used to pay

administrative expenses only.    The reason the case was converted from a Chapter 11 to

a Chapter 7 was due to the excessive administrative expenses in connection with the oil

and gas interests.

11.     The tax consequences to the estate cannot be determined until a final bid is accepted but

it is unlikely that this sale will result in any income tax liability.

### The Offers Received by the Trustee

12.     The Trustee has only received a bid from Grimes Energy Company to date but anticipates

additional bids.

13.     The Trustee intends to auction only the Debtor's legal and equitable title interest in the

A-96 well at this time.

14.     The A-96 well will be sold free and clear of all liens, claims, interests and encumbrances,

pursuant to 11 U.S.C. §363(f).

15.     Each bidder shall pay $2,500.00 as earnest money.

### An Auction is Anticipated.

16.     The Trustee expects at least two competitive offers to be made for this property and

expects that the auction may have several bidders.

17.     ***The Trustee reserves the right to alter the terms of the sale and/or the auction until the
order approving the auction has been signed.  If you want to know about any changes
you MUST attend the hearing to approve the auction process.  These changes may be
made with no additional notice of the change.  If you are concerned about the terms of
the sale or auction, you must appear at the hearing set by the Court for the approval of
the auction process.   You will receive notice of that hearing.***

18.     The conditions of the sale are summarized as follows:

a.      Unless agreed in writing by the Trustee, each bidder will be required to make a
cash offer to purchase the A-96 well, bid for the same A-96 well, not any other oil
and gas interest held by the Debtor, and the sale will be free and clear as allowed
in 11 U.S.C. §363.   The Trustee may require proof that the bidder(s) have the
ability to pay the cash offer.

b.      The Trustee reserves the right to stop bidding for a break or to allow bidders to
consult with their advisors or companies to determine a bid price.  There is
neither a limit on the number of times that the Trustee can stop bidding for these
purposes nor is the Trustee required to stop bidding for these purposes.

c.      At closing, all funds will be paid to the Trustee pending distribution authorized by
the Court.

d.      A bill of sale or any other necessary document.

e.      The successful bidder will purchase the entire Estate's interest, both legal and
equitable, in the A-96 well.

f.      No commission will be paid by the estate.

**Miscellaneous Provisions**

19.   The Trustee believes the sale is in the best interest of the estate because it is the fastest
and easiest way to sell the A-96 well and will provide the estate with the best recovery
considering the current condition of the A-96 well.

20.   Information regarding the property can be obtained by contacting the Trustee, Rodney
Tow, 26219 Oak Ridge Drive, The Woodlands, Texas 77380; (281)681-9100,
rtow@towkoenig.com .

21.     Objections and requests for hearing before the Bankruptcy Judge, if any, as to the above

        sale, shall be in writing and filed with the clerk of the Bankruptcy Court and served upon

        the Trustee.  Any objections not timely filed and served may be deemed waived.

22.     It is anticipated that other offers will be received.  Therefore, the Trustee requests that an

        auction process be approved so that the assets can be sold on the same day of the hearing,

        at auction, if necessary.

**The Auction Process**

23.     The Trustee requests that the Court approve the following auction process:

        a.      The property will be sold to the highest and best cash bidder as determined by the

                Trustee and approved by the Court.

        b.      That the Court recess the hearing on the motion to sell, authorize the Trustee to

                immediately conduct the auction, outside the courtroom, then reconvene the

                hearing for the purpose of completing and approving the sale to the highest

                bidder.

        c.      Bidders must deliver to the Trustee earnest money in the form of a cashier's

                check in the amount of $2,500.00 prior to making their initial bid.

        d.      This property will be sold where is and as is with all faults.  Each bidder will be

                deemed to accept the property in that condition.

        e.      Bidding will be in increments of $1,000.00 or more. All bids will be calculated to

                account for net proceeds to the estate, i.e. bids will be adjusted to show net

                amount after commissions and other expenses as the Trustee deems necessary.

        f.      Bids may contain conditions acceptable to the Trustee.

g.      Bidders must advise the Trustee in writing that they accept the terms and

conditions of the auction process as set out in this motion, any motion filed by the

Trustee to approve the auction process, and any requirements established by the

Bankruptcy Court.

h.      All bids will be binding until the Trustee has closed the sale of the Property.  The

Trustee will request the Court to prioritize the bids beginning with the highest and

best bid and continuing down until each bid has been prioritized.  The Trustee

will request the Court to authorize him to close the sale with each bidder in the

order of priority set out by the Court.  In the event the highest and best bid fails to

timely close, Trustee will be authorized to close the sale with other bidders in the

order of the priority set out by the Court.  Trustee will be authorized to extend the

time for closing of any bid.

i.      Any bidder that fails to close within five days after being notified by the Trustee

that its bid is accepted shall forfeit its earnest money.

j.      Any bidder whose bid is not accepted shall be entitled to a refund of its earnest

money.

k.      Bidders may not withdraw bids after the bidding process has begun.

l.      The Trustee shall notify the Court and all other bidders if the highest and best

bidder fails to close and that the next highest bid is accepted.  The Closing Date

shall be within five days from the date of filing the notification or as extended by

the Trustee.

m.      All bids must be for cash and the Trustee reserves the right to require proof of the

bidder's ability to pay.

24.     The Trustee requests that the bidders be determined to be in good faith as that term is

used in  11 U.S.C. §363(m) so bidders may close within ten days from the entry of the

order approving the sale.

**WHEREFORE, PREMISES CONSIDERED**, Rodney Tow, Trustee, moves this Court

to grant this Motion to Sell Property Free and Clear of All Liens, Claims and Encumbrances and

Request for Approval of Auction Process, that the sale be free and clear of all liens, claims and

encumbrances, and for such other and further relief that he may be justly entitled.

Respectfully submitted this 21th day of August, 2009.

**TOW & KOENIG, PLLC.**


By:_____*/s/   Julie M. Koenig*_____
         Julie M. Koenig
         SBA# 14217300
         26219 Oak Ridge Drive
         The Woodlands, Texas 77380
         281/681-9100 (Telephone)
         832/482-3979 (Telecopier)

Attorney for the Trustee

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served by Nicole Oakley, a legal assistant in my office,  upon all of the parties on the attached service list via either ECF notification or by first class mail, proper postage affixed, on this the 21th day of August, 2009.


_____*/s/   Julie M. Koenig*_____
Julie M. Koenig

Label Matrix for local noticing
0541-4
Case 08-34031
Southern District of Texas
Houston
Thu Aug 20 10:20:21 CDT 2009

Diamond McCarthy LLP
909 Fannin
Suite 1500
Houston, TX 77010-1026

Harris County
Attn: John P. Dillman
PO Box 3064
Houston, TX 77253-3064

HughesWattersAskanase, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002-2571

Mariner Energy, Inc.
P.O. Box 4346
Houston, TX 77210-4346

Merit Energy Company
Locke Lord Bissell & Liddell LLP
Attn: Philip Eisenberg
600 Travis Street
Suite 3400
Houston, TX 77002-2926

Noble Energy, Inc
100 Glenborough Drive
Suite 100
Houston, TX 77067-3618

PetroVal, Inc./Grimes Energy Company/Texas S
11 Greenway Plaza, Suite 2902
Houston, TX 77046-1105

Texas Standard Oil Company
6575 West Loop South
Suite 455
Houston, TX 77401-3512

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Bradley L Delucka/Bridgid D Ash
Johnson Deluca Kennedy Kurisk
1221 Lamar Street Ste 1000
Houston, TX 77010-3050

Edward R Ziegler PE
5063 Westheimer Ste 810
Houston, TX 77056

Edward Ziegler
5065 Westheimer, Suite 810
Houston, TX 77056-6646

Forest Oil Corporation
c/o Bradley L DeLuca
Johhson Deluca Kennedy Kurisk
1221 Lamar Street Ste 1000
Houston, TX 77010-3050

Grimes Energy Company
11 Greenway, Suite 2902
Houston, TX 77046-1105

Harris County et al
c/o John P Dillman
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx. 77253-3064

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Langston Energy, LLC
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919

MS Crescent Nine Greenway SPV, LLC
c/o Bruce J. Ruzinsky
Jackson Walker LLP
1401 McKinney, Suite 1900
Houston, Texas 77010-1900
713-752-4204

Mariner Energy Resources, Inc .
c/o Bradley L- DeLuca/Brigid D.
Johnson DeLuca Kennedy & Kurisk
1221 Lamar Street, Suite 1000
Houston, TX 77010-3050

Mariner Energy, Inc. / Mariner Energy Resour
c/o Bradley L. DeLuca
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010-3050

Pat Johnson
9 Greenway Plaza, Suite 3040
Houston, Texas 77046-0919

Petroval, Inc.
2009 Huldy
Houston, Texas 77019-6141

SEC, Bankruptcy Section
500 West Madison, Ste . 14QQ
Chicago, IL 60661-4544

Spagnoletti & Co.
401 Louisiana, 8th Fl
Houston, TX 77002-1629

TXSS 489 Corp
9 Greenway Plaza Ste 3040
Houston, TX 77046-0919

Texas Standard Oil & Gas LP
9 Greenway Plaza Ste 3040
Houston, TX 77046-0919

Timothy Roberson
9 Greenway Plaza Ste 3040
Houston, TX 77046-0919

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

US Trustee
515 Rusk, Ste 3516
Houston, TX 77002-2604

David J Askanase
Hughes Watters and Askanase
Three Allen Center
333 Clay
29th Fl
Houston, TX 77002-2571

Heather Heath McIntyre
Hughes Watters et al
333 Clay St
29th Fl
Houston, TX 77002-2571

John Kim
The Kim Law Firm
4309 Yoakum Blvd Ste 2000
Houston, TX 77006-5857

Julie M. Koenig
Tow & Koenig, PLLC.
26219 Oak Ridge Drive
The Woodlands, Tx 77380-1960

Merril Littlewood
Merril Littlewood Company
One Sugar Creek Center Blvd
Suite 450
Sugar Land, TX 77478-3584

Rodney D Tow
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380-1960

Wayne Kitchens
Hughes Watters & Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002-2571

c/o Bruce Ruzinsky MS Crescent Nine Greenway
Jackson Walker LLP
1401 McKinney, Suite 1900
Houston, TX 77010-1900


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


IRS, Special Procedures
1919 Smith STOP 5024HOU
Houston, TX 77002

(d)Internal Revenue Service
Centralized Insolvency Operation
PO Box 21126
Philadelphia, PA 19114


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Carson Rollins, LLC

(u)Coldren Resources, L.P.

(u)Forest Oil Corporation


(u)Tow & Koenig, PLLC

(u)mariner energy resources, inc.

End of Label Matrix
Mailable recipients     37
Bypassed recipients      5
Total                   42