

ENTERED
09/09/2009

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 08-34031-H4-7 |
| TEXAS STANDARD OIL § | |
| COMPANY § | |
| DEBTOR | |

## Agreed Order Regarding Payment
## of the MOSH Note

This Agreed Order is filed by Rodney Tow, Trustee, and Charles Sharman on behalf of MOSH Holding, L.P.

The purpose of this Agreed Order is to:

a. Establish the amount due under the Promissory Note in the principal amount of $545,000 dated December 31, 2007 between Mosh Holding, L.P. as Borrower and Texas Standard Oil Company as Lender (Mosh Note),

b. Establish a means for calculating any further amounts that will come due on the Mosh Note until payment in full, and

c. Enter this Agreed Order regarding payment of the Mosh Note.

1. A series of promissory notes entered, prepetition, between MOSH Holding, L.P. and Texas Standard Oil Company culminated in the Mosh Note described above. All parties agree that the Mosh Note is due and that payment of the Mosh Note is subject to the distribution in the case styled *MOSH Holding, L.P. v. Pioneer Natural Resources Company; Pioneer Natural Resources USA, Inc; Woodside Energy (USA) Inc.; and JP*

*Morgan Chase Bank, N.A., as Trustee of the Mesa Offshore Trust*; Cause No. 2006-01984; pending in the 334th Judicial District Court of Harris County, Texas. (MOSH litigation).

2. All parties further agree that the Mosh Note is an asset of this bankruptcy estate, that this Court has jurisdiction over this matter, and that this Court is authorized under the Bankruptcy Code, including but not limited to, 11 U.S.C. §542(b), to enter this Agreed Order.

3. The Court finds that:

   a. MOSH Holding, L.P. is the Maker of the Mosh Note attached as Exhibit A;

   b. The Estate is the payee on the Mosh Note;

   c. The current principal amount due on the Mosh Note is $545,000;

   d. The Mosh Note is a demand note;

   e. If no demand is made, the Mosh Note is due and payable on December 31, 2012;

   f. The Trustee made demand for payment of the Mosh Note on July 20, 2009;

   g. The Mosh Note provides interest on the principal amount at the rate of 2% per annum until December 31, 2012, unless demand is made;

   h. The Mosh Note provides interest on the principal amount at the rate of 10% per annum after demand is made;

   i. The outstanding principal balance plus interest is now due and owing on the Mosh Note;

   j. Unpaid interest due and owing on the Mosh Note through July 20, 2009 totals $17,001.39;

 k. Principal due and owing on the Mosh Note is $545,000;

 l. Total principal and interest due on the Mosh Note through July 20, 2009 is $562,001.39;

 m. Interest continues to accrue at the rate of 10% per annum from July 20, 2009 to payment in full in the daily rate of $153.97; and

 n. Charles A. Sharman represents to this Court that as a member of MOSH Holding I, L.L.C., the general partner for MOSH Holding, L.P. he is authorized to enter into this Agreed Order on behalf of MOSH Holding, L.P.

4. It is therefore Ordered:

 a. MOSH Holding, L.P. shall pay the Mosh Note in full, with interest through the date of payment, within two business days after the receipt of funds from the MOSH litigation.

 b. Charles A. Sharman shall take all action necessary as a member of MOSH Holding I, L.L.C. to cause MOSH Holding, L.P. to make all payments required under this order;

 c. Upon receipt of payment in full, the Trustee is authorized to, on an original or a copy of the Mosh Note, inscribe that it is paid in full and sign the inscription;

 d. Nothing in this Order shall be construed to modify the Mosh Note or the obligations in the Mosh Note.

Signed this 9th day of September, 2009.

HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

Agreed:

*Rodney Tow by Yvette Recio with permission.*
Rodney Tow, Trustee

MOSH Holdings, L.P.

By: MOSH Holdings I, LLC, General Partner

By: _____
Charles A. Sharman, Member

By: _____
Timothy Roberson, Member

## PROMISSORY NOTE

**$545,000.00**                                          **December 31, 2007**

FOR VALUE RECEIVED, the undersigned, MOSH Holding, L.P., a Texas limited partnership ("Borrower"), hereby promises to pay to the order of Texas Standard Oil Company, a Texas corporation ("Lender"), at its office at 9 Greenway Plaza, Suite 3040, Houston, Texas 77046 (or such other place as Lender may direct from time to time), in lawful money of the United States and in immediately available funds, the principal amount of FIVE HUNDRED FORTY FIVE THOUSAND AND NO/100 DOLLARS ($545,000.00) on demand, or if no demand, on December 31, 2012, plus interest accruing on the unpaid balance of such amount at the per annum rate of two per cent (2%).

If any amount is not paid in full when due hereunder, such unpaid amount shall bear interest, to be paid upon demand, from the due date thereof until the date of actual payment (and before as well as after judgment) computed at the per annum rate of ten percent (10%).

Interest on the debt evidenced by this Note shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

All interest payable hereunder shall be computed on the basis of actual days elapsed and a year of 365 days.

Upon the occurrence of any of the following:

1. Borrower shall fail to pay any of its obligations under this Note on the date when due; or

2. (a) Borrower shall (i) commence any case, proceeding or other action under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition, or other relief with respect to it or its debts, or (ii) commence any case, proceeding, or other action seeking appointment of a receiver, trustee, custodian, or other similar official for it or for all or any substantial part of its assets, or (iii) make a general assignment for

1

Exhibit A

the benefit of its creditors; (b) there shall be commenced against Borrower any case, proceeding or other action of a nature referred to in clause (a) above that (i) results in the entry of an order for relief or any such adjudication or appointment, or (ii) remains undismissed, undischarged, or unbonded for a period of sixty (60) days; (c) there shall be commenced against Borrower any case, proceeding or other action seeking issuance of a warrant of attachment, execution, distraint, or similar process against all or any substantial part of its assets that results in the entry of an order for any such relief that shall not have been vacated, discharged, or stayed or bonded pending appeal within sixty (60) days from the entry thereof; (d) Borrower shall take any action in furtherance of, or indicating its consent to, approval of, or acquiescence in, any of the acts set forth in clause (a), (b), or (c) previously; or (e) Borrower shall generally not, or shall be unable to, or shall admit in writing its inability to, pay its debts as they become due;

THEN, the holder hereof may declare the outstanding principal balance hereof immediately due and payable and Borrower shall immediately pay to the holder all such amounts, with interest accrued but unpaid thereon to the date of payment in full at the applicable rate provided herein.

Borrower may prepay all or any part of the principal of this Note before maturity without penalty, and interest shall immediately cease to accrue on any amount so prepaid.

Borrower, for itself, its successors and assigns, hereby waives diligence, presentment, protest, and demand and notice of protest, demand, dishonor, and nonpayment of this Note.

Borrower agrees to pay all collection expenses, court costs, and reasonable attorney fees and disbursements (whether or not litigation is commenced) that may be incurred in connection with the collection or enforcement of this Note.

This Note shall be governed by and construed in accordance with the laws of the State of Texas, without giving effect to choice of law rules.

This Note supercedes and replaces that certain promissory Note in the original principal amount of $545,000.00 dated April 9, 2007 from Borrower to Texas Standard Oil Company.

Executed effective as of the date set forth above.

> MOSH Holding, L.P.,
> by its general partner:
>
> MOSH Holding I, L.L.C.,
> a Texas limited liability company
>
> By: /s/ Charles A. Sharman
> Charles A. Sharman, Member

2

Exhibit A